MULKERN, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 11—March 14, 1922.*

*Automobiles: Criminal law: Speeding: Evidence: Statutes: Definiteness in charging crime.*

1. Evidence showing that defendant drove a heavy car along a street having a steep down grade and a slight curve, and which had been recently oiled, at a speed of twenty to twenty-five miles per hour, is *held* to sustain a conviction under sec. 1636—49, Stats., for driving an automobile at a rate of speed greater than was reasonable and proper.

2. Sec. 1636—49, Stats., making it an offense to drive a motor vehicle "at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person," is sufficiently definite and certain to be valid, though different juries might differ as to what was a reasonable speed under the same circumstances.

ERROR to review a judgment of the municipal court for the Eastern District of Waukesha County: JAMES E. THOMAS, Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, was charged with violating that portion of sec. 1636—49, Stats. 1919, which reads: "No person shall operate or drive any automobile, motorcycle or other similar motor vehicle recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person," and was found guilty. To test the correctness of the conviction he sued out a writ of error.

The cause was submitted for the plaintiff in error on the brief of *Ray Cannon* of Milwaukee, and for the defendant in error on that of the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general.

VINJE, C. J.   Defendant claims (1) that the conviction was contrary to the evidence, and (2) that the statute is too vague and uncertain to sustain a conviction, in that it does not define any offense with sufficient certainty to enable a jury to determine whether or not there has been a violation of the statute or to enable the driver of a car to tell when he violates it.

An examination of the evidence shows that the defendant was driving a heavy Packard car down a steep hill on a slight curve at a speed of about from twenty to twenty-five miles an hour; that the complainant was ahead of him driving a small car at a somewhat slower speed; that just as he had partly turned out to pass complainant he noticed another car coming in the opposite direction, so he used both brakes at once to slow up.   In doing so his car slewed around and skidded into complainant's car.   The road had been freshly oiled and was slippery and the hind end of defendant's car struck the end of complainant's car, which ran down the road several hundred feet, then up a three-foot embankment against a stone.   It was in high gear till it struck the stone, when complainant turned it into neutral.   Defendant's car turned over in the ditch.   Defendant knew the road was oiled and slippery and he drove down the hill with the right wheels of his car on the gravel outside the oiled part.   He also knew that in order to pass complainant he must turn onto the oiled road and that, too, at a curve.   In view of this fact we deem there was a warrant for the conclusion of the trial court that defendant was driving his car at a speed in excess of that contemplated by the statute.   A steep down grade, a curve therein, and an oiled road all spell care and a slow speed.   The tendency of a car to skid under such circumstances is well known and the speed should be such as to reduce that tendency to one as much within the margin of safety as possible.   A speed of from twenty to twenty-five miles an hour under such circumstances may well be found to be reckless.   *Raymond v. Sauk Co.* 167 Wis. 125, 166 N. W. 29.

It is claimed that the statute under which defendant was convicted was too vague and uncertain to sustain a conviction, in that it is impossible for the driver of a car to know whether or not he is violating it; that the fact of violation depends upon the judgment of a court or jury and not upon specific criteria contained in the act itself; that one jury may convict and another acquit upon the same state of facts. This is true, and defendant relied upon cases from Georgia in which a similar statute has been held void for uncertainty. See *Hayes v. State,* 11 Ga. App. 371, 75 S. E. 523; *Holland v. State,* 11 Ga. App. 769, 76 S. E. 104; and *Elsbery v. State,* 12 Ga. App. 86, 76 S. E. 779.

If the fact that one jury might decide a case one way and another jury a different way upon the same state of facts rendered laws void for uncertainty, then we would have to discard not only many rules of civil law but also many criminal laws. In nearly every criminal act an intent to commit it must be found in order to warrant a conviction. Not only may such intent be found upon circumstantial evidence, but the direct evidence may well give rise to a situation where one jury will find the intent and another fail to find it. So, too, in many cases where guilty knowledge is required to be found, as in receiving stolen goods or in running a house of ill fame, juries may come to different conclusions upon the same state of facts. Even in murder of the second degree the definition of the crime is no more specific and certain than is that of the offense in the statute under consideration. It provides that the killing of a human being without intent to kill, "when perpetrated by any act imminently dangerous to others and evincing a depraved mind, regardless of human life," shall be murder in the second degree. What is an act imminently dangerous to others, and what evinces a depraved mind regardless of human life, is as much a matter of judgment as is such reckless driving as will, under the circumstances, endanger the property, life, or limb of any person. Thus by sec.

4363, Stats. 1921, the involuntary killing of a human being by the culpable negligence of another is made manslaughter in the fourth degree. Juries may well differ as to what constitutes culpable negligence, yet a conviction thereunder is valid. Likewise in the law of negligence what constitutes a lack of ordinary care is a matter of judgment, the result of which is often followed by consequences far graver than is a violation of the statute in question. It is of course desirable that laws should be made as specific as is compatible with the subject matter legislated upon. A speed of so many miles per hour is specific and meets the requirements of many situations, but not of all, even though the rate for country and city driving is made different, as it usually is. Many situations may arise both in the country and in the city where the statutory speed would be reckless driving. To meet these situations the statute in question was enacted. We regard it as a very wholesome and sensible statute; one that calls upon every driver of a motor vehicle to at all times exercise such care as will reasonably insure the safety of the life and property of others; one that will supply the defects in laws regulating speed at so many miles per hour. We have a similar statute as to manslaughter in the fourth degree under sec. 4363, which provides that every other killing of a human being by the act, procurement, or culpable negligence of another, where such killing is not justifiable or excusable, or is not declared ". . . murder or manslaughter of some other degree, shall be deemed manslaughter in the fourth degree." It is a dragnet statute, one that defines by exclusion rather than by inclusion, to the end that no culpable killing of a human being shall go unpunished. So here we have a salutary statute requiring the exercise of reasonable care at all times in the operation of such dangerous machines as are the vehicles described in the statute. It covers situations not possible to cover by specific speed limits, and it is as definite and certain in its terms as the subject matter will permit. It is not as dras-

tic in its penalties as are many laws, no more definite in the description of offenses, that have for years been enforced as valid laws.

*By the Court.*—Judgment affirmed.