*M. Price,* for plaintiff in error.

---

### 15750.   MATHEWS *v.* THE STATE.

1. There is no merit in the motion to dismiss the bill of exceptions.
2. The court did not err in admitting in evidence the deed the admission of which is complained of.
3. Under the particular facts of the case, the deed record, the introduction of which is complained of, was not inadmissible for any reason assigned.
4. The court did not err in giving in charge to the jury § 771 of the Penal Code upon which the second count of the indictment was based; nor did the court err in "submitting to them the question of whether or not the defendant was guilty under the second count of said indictment."
5. Under the principle announced in the opinion, there is no error in the excerpt from the charge of which complaint is made in the 4th special ground of the motion for a new trial.
6. There is evidence to support the verdict; it has the approval of the judge who tried the case, and the motion for a new trial was properly overruled.

DECIDED DECEMBER 10, 1924.

Indictment for mutilating burial ground; from Brooks superior court—Judge W. E. Thomas. June 6, 1924.

Application for certiorari was denied by the Supreme Court.

*Branch & Snow,* for plaintiff in error.

*C. E. Hay, solicitor-general, Sam T. Harrell,* contra.

BLOODWORTH, J. Only the second headnote will be enlarged upon. The indictment contained two counts. The accused was convicted on the second count, which charges that he "did unlawfully, wilfully, and wantonly, by himself and by his agents and servants, to wit, Berry Arnold, Sam McRae, German Jenkins, James Arnold, and each of them, mutilate, injure, and destroy the private burying ground on lot of land No. 431, in the 12th district of said county, known as the 'Old Wilson Cemetery,' by having the same cleared of all trees, flowers, shrubbery, and grave markings then and there in said cemetery, and by having said grounds plowed and prepared for cultivation, which burying ground consisted of one acre reserved in the warranty deed from J. D. Wilson to F. M. Mathews, conveying to said accused the land surrounding said cemetery, and under which deed said accused was then and there occupying said surrounding lands." Under this count, admitted by counsel for plaintiff in error to be good, one of the things necessary to be proved is that the "Old Wilson Cemetery," the burying ground in question, "consisted of one acre reserved in the warranty deed from J. D. Wilson conveying to said accused the land surrounding said cemetery." This is a part of the description of the offense. No question of title is involved in the case. It matters not in whom the title to the cemetery is vested. Under the statute it is not necessary to allege in the indictment that the title to the acre reserved for the cemetery was vested in any one person. There being no allegation of title, proof thereof was not necessary. The question is: Was the land which was being used as a cemetery the land reserved in the deed? Any competent evidence to establish this fact was admissible. The same definiteness of description is not required as in a case where title is involved. As a part of the evidence to establish the foregoing allegation in the indictment, the deed from Wilson was admissible, although this deed had no further description of the acre reserved than that which is set

out therein. In this connection see *Drew* v. *State,* 18 *Ga. App.* 34 (88 S. E. 716) ; Phillips *v.* State, 29 Tex. 226.

     *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*