24775. PRITCHETT *v.* THE STATE.

DECIDED MAY 3, 1935.

*Morris & Welsch,* for plaintiff in error.
*John C. Mitchell, solicitor-general,* contra.

GUERRY, J. Arthur Pritchett, was indicted and convicted for the offense of a misdemeanor. He filed a demurrer, both general and special, to the indictment, which the trial judge overruled. He brings a writ of error to this court, complaining of this ruling. The indictment is as follows: "For that the said Arthur Pritchett on the 22nd day of October in the year 1933, in the county aforesaid, did then and there, unlawfully and with force and arms, did willfully and wantonly injure the private burying ground of the family of Farrish Carter, Sr., established in the year 1867, which said burying ground still belongs to the heirs at law of Farrish Carter, there not having been any sale of said burying ground or

any of the surrounding lands, by digging into the graves of Farrish Carter, grandson of Farrish Carter, Sr., and Mrs. Sam Carter, and attempting to break into the coffins of Farrish Carter, grandson of Farrish Carter, Sr., and Mrs. Sam Carter, by striking and beating the tops of said coffins with a pick, mattock, or other instrument, the exact character of which is to the grand jurors unknown, said graves and coffins of Farrish Carter and Mrs. Sam Carter being located in the said private burying ground of the family of Farrish Carter in said county."

The indictment was undoubtedly drawn under section 771 of the Penal Code (1910), which is as follows: "Disturbing private burying grounds. Any person who, by himself, his agent, or servants, shall mutilate, or in anywise injure or destroy, any private burying ground which has been reserved in any private or public sale of the surrounding land, shall be guilty of a misdemeanor." The principal ground of special demurrer is that the indictment fails to allege that the private burying ground "has been reserved in any private or public sale of the surrounding land," and that, this allegation being a necessary part of the description of the offense, the indictment must fail. We are well aware of the principle that criminal statutes must be strictly construed (*Schane* v. *City of Atlanta,* 127 *Ga.* 36, 56 S. E. 91; *McAllister* v. *State,* 122 *Ga.* 744, 50 S. E. 921; *Thorn* v. *State,* 13 *Ga. App.* 10, 78 S. E. 853), and that the terms of the statute should not be extended (*Johnson* v. *State,* 1 *Ga. App.* 195, 58 S. E. 265), yet penal statutes are to be given a reasonable intendment (*Holland* v. *State,* 11 *Ga. App.* 769, 76 S. E. 104), and the obvious intention of the legislature should not be defeated by the rule of strict construction. *Lipham* v. *State,* 125 *Ga.* 52 (53 S. E. 817, 114 Am. St. R. 181, 5 Ann. Cas. 66); *Minor* v. *State,* 63 *Ga.* 321; *Sanders* v. *State,* 74 *Ga.* 85. "The cardinal canon of construction of a legislative act is that the intention, when ascertained, governs; and all other rules of interpretation are subordinate." *Roberts* v. *State,* 4 *Ga. App.* 207 (60 S. E. 1082); *Coker* v. *State,* 12 *Ga. App.* 425 (76 S. E. 103). It will be noted that § 771, quoted above, deals with the mutilation or destruction of private burying *grounds.* Section 770 deals with injury or destruction of any *inclosure* around or within any public or private burying ground, or any *monument, tombstone,* or other *fixtures*

therein. The evident purpose of the clause, "which has been reserved in any private or public sale of the surrounding land," contained in the statute under consideration, was that if the surrounding lands were sold and no reservation contained therein with reference to the burying ground, title passed thereto, and it was not unlawful to plow or dig into such ground for the purpose of cultivation, etc. Can it be said with reason that in order for a private burying *ground* to be protected from molestation from others, it is necessary that it be reserved in a private or public sale of the surrounding land, and that where there has been no sale of the surrounding land since the establishment of the private burying ground, one mutilating or injuring it can not lawfully be convicted? We can not believe any such construction is proper. The indictment alleges that the burying ground injured was of the family of Farrish Carter, Sr., "established in the year 1867, which said burying ground still belongs to the heirs at law of Farrish Carter, there not having been any sale of said burying ground or any of the surrounding lands." Yet the defendant would have this court say that this burying ground was not protected by the law, for the reason that there had been no sale of the surrounding lands and a reservation therein of the burying ground. We think it clear that the purpose and intent of the requirement that the private burying ground be "reserved in any private or public sale of the surrounding land" is met by the allegation that there had been no sale of the surrounding land since its establishment.

■ The other principal contention of the plaintiff in error is that the indictment does not charge any offense under our Code. That there is nothing in either § 770 or § 771 making penal the "digging into the graves," or the "attempting to break into the coffins," or the "striking and beating of the tops of said coffins." Since the section under which we have construed the indictment does not deal with injury to "coffins," which may be termed a "fixture" of a burying ground, and even should the indictment be construed under § 770, there being no allegation that the "coffins" were materially and substantially injured (*Pollet* v. *State*, 115 *Ga.* 234, 41 S. E. 606), we are in agreement with counsel for defendant that these allegations do not state an offense under the laws of our State. However, we can not agree that none of the allegations do so. This statute penalizes *mutilation or injury* to any private

burying *ground,* and we see no better way to show mutilation or injury to a private burying ground than by showing the digging into the graves. It is certainly just as much an injury as the removal of shrubbery, grave markings, etc., and plowing the land, as in the case of *Matthews* v. *State,* 33 *Ga. App.* 178 (125 S. E. 781), where such acts were admitted to be within the statute. We are therefore of the opinion that the demurrer to the indictment was properly overruled.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*