24655. LEATH *v.* ROSSER, solicitor-general pro tem.

STEPHENS, J. 1. The statute which provides for the disposition of apparatus or appliances used for the purpose of distilling or manufacturing alcoholic liquors or beverages should be given a strict interpretation. Where the statute declares that such articles are contraband, and that no one has any property right therein, and that when such apparatus or appliances so used or about to be so used are found or discovered by certain officers of this State they shall be "summarily destroyed and rendered useless by him without any formal order of the court," and there is no statutory provision for condemnation and confiscation of such apparatus or appliances and a sale thereof after proceedings instituted in court, the court has no jurisdiction to condemn such apparatus or appliances and order a sale thereof upon the ground that they were used for the purpose of distilling or manufacturing alcoholic liquors.

2. This being a suit instituted under the act of 1917 (Ga. L. Ex. Sess. 1917, p. 16; 11 Park's Code Supp. 1922, § 448(oooo)), to condemn and sell a wagon, mules, and harness on the ground that they constituted apparatus or appliances used for the purpose of distilling or manufacturing alcoholic beverages, and that they were engaged in conveying such liquors along the public roads or private ways of this State, and property was not subject to condemnation and sale on the ground that it may have been used for the purpose of distilling or manufacturing alcoholic liquors. Evidence that the team which consisted of the mules and wagon was found hitched at a place where a still producing alcoholic liquor was in operation, and that there was some alcoholic liquor in the wagon, is insufficient to authorize the inference that the team was used in conveying such liquors along a public road or private way of this State. *Thompson* v. *State,* 52 Ga. App. 355.

3. The above rulings being controlling, it is unnecessary to pass on the assignments of error in exceptions to the charge of the court to the jury, or on refusal to charge.

4. The judgment condemning the property was contrary to law and without evidence to support it, and the court erred in not granting a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 8, 1936.

*Fariss & Langford,* for plaintiff in error.
*J. Ralph Rosser,* contra.