## No. 14,694.

### THE PEOPLE v. AGNEW.

(113 P. [2d] 424)

Decided April 14, 1941.   Rehearing denied May 19, 1941.

Mr. BYRON G. ROGERS, Attorney General, Mr. HENRY E. LUTZ, Deputy, Mr. JOHN A. CARROLL, Mr. FRED S. CALDWELL, for the people.

Mr. WILLIAM O. PERRY, Mr. LENNART ERICKSON, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error Agnew was arrested for, and charged with, the violation of section 8, of the Aeronautics Act of 1937 (chapter 81, Session Laws, 1937). Motion to quash the information was filed and sustained. Writ of error is prosecuted by the district attorney representing the people.

There were two counts in the information, the charging parts of which read respectively as follows:

First Count: "W. W. Agnew did knowingly, willfully and unlawfully commit the crime of low flying, in violation of section 8, chapter 81, of the 1937 Session Laws, in that he did then and there fly an aircraft over a congested part of the City and County of Denver, State of Colorado, at an altitude of less than one thousand feet above the ground; contrary to the form of the statute * * *."

Second Count: "W. W. Agnew did knowingly, willfully and unlawfully commit the crime of imminently dangerous flying, in violation of section 8, chapter 81, of the 1937 Session Laws, in that he did then and there make a flight in an aircraft over a congested part of the City and County of Denver, State of Colorado, and in so doing did then and there so conduct said aircraft that it did then and there become imminently dangerous to persons and property lawfully on the land in said congested part of the City and County of Denver, State of Colorado; contrary to the form of the statute * * *."

The title of the Aeronautics Act is as follows: "An act providing for the regulation of aeronautics within this state; providing for uniformity with federal laws regulating aeronautics; creating a state Aeronautics Commission; providing the powers and duties of such commission; providing for the promulgation and issuance of rules and regulations by such commission." Section 8, here involved, reads as follows: "Liability of Navigator. Flight in aircraft over the lands and waters of this state is lawful, unless at such low altitude as to interfere with the then existing use to which the land or water, is put by the owner, or unless so conducted as to be imminently dangerous to persons or property lawfully on the land or water, or in violation of the air commerce regulations which have been, or may hereafter be, promulgated by the Department of Commerce of the United States. The landing of an aircraft on the lands or waters of another, without his consent, is unlawful, except in the case of a forced landing. For damages caused by a forced landing, however, the owner or lessee of the aircraft or the airman shall be liable * * *."

The motion to quash was based particularly on three grounds: (a) Said section 8 is void because in violation of section 21 of article V of the state Constitution ("No bill * * * shall be passed containing more than one subject, which shall be clearly expressed in the title; * * *"). (b) The act is void because it attempts to make an unlawful delegation of legislative power (§1, Art. V). (c) Said section 8 is unconstitutional, null and void because it deprives a person of due process of law and because it is uncertain, indefinite and ambiguous.

■ (a) The argument of defendant's counsel on the proposition that the act contains a subject not expressed in its title is somewhat obscure, but we assume they mean that certain acts are made unlawful which are not covered by the title of the legislative act. No cases are cited in support of this contention and the law seems well established that "A statute is valid although a pun-

ishment or penalty provided therein is not mentioned in its title, if the punishment or penalty is connected with, and germane to, the subject expressed in the title, and is a means of enforcing the statute or carrying out or giving effect to it, and is essential to the accomplishment of the object indicated in the title." 14 Am. Jur. 775. We think this statement is applicable to the statute before us.

■ (b) We need not determine the question as to whether there is an unlawful delegation of power here, because no violation of "air commerce regulations" is charged in the information.

■ (c) The motion to quash the first count of the information was properly sustained because of its uncertainty, indefiniteness and ambiguity, it appearing that section 8 of the statute contains no prohibition against flying below an altitude of 1000 feet.

■ The remaining question is whether the language of the second count, which embodies substantially the wording of the statute and reads, "did then and there become imminently dangerous to persons and property lawfully on the land in said congested part of the city * * *;" is sufficiently definite and certain to state a misdemeanor.

A conviction under a count using similar language was upheld in *State of Maryland v. Koehler*, U. S. Aviation Reports, 1939, page 130 (not in the official reports).

It appears to us that the attempt on the part of the state to regulate this new form of transportation through its police power is not substantially different from that of regulating the manner of driving automobiles, which has given concern to our lawmakers since the turn of the century, and there are several instances where laws regulating the driving of such vehicles, no more definite than the present one, have been upheld. 22 C.J.S., p. 75. For example, in *Mulkern v. State*, 176 Wis. 490, 187 N.W. 190, it was held that a statute making it an offense to drive a motor vehicle "at a rate of speed greater than

is reasonable and proper, having regard to the width, traffic and use of the highways and the general and usual rules of the road, or so as to endanger the property, life or limb of any person" is not invalid for indefiniteness and uncertainty. Similarly, it will be remembered that in Colorado the rule in regard to driving automobiles on the highway was that of reasonable speed under conditions then existing. S.L. 1931, page 532.

In expressing its reason for the conclusion reached, the Supreme Court of Wisconsin in the Mulkern case, by way of analogy, pointed out that the statute of that state defining murder in the second degree, as "being the killing of a human being without intent to kill, 'when perpetrated by an act *imminently dangerous* [our own statute on first degree murder uses the words "greatly dangerous." '35 C.S.A., c. 48, §32] to others and evincing a depraved mind, regardless of human life'," was no more specific or certain. The Wisconsin court further observes that in such a situation, if the fact "that one jury may convict and another acquit on the same state of facts" was to be adopted as a criterion of uncertainty, our criminal jurisprudence would be largely nullified.

Our conclusion is that the trial court erred in sustaining the motion to quash as to the second count, and on that ruling the judgment is reversed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.