32663. STATE OF GEORGIA *v.* PATTERSON.

DECIDED OCTOBER 21, 1949. REHEARING DENIED NOVEMBER 17, 1949.

*Jeff C. Wayne, Solicitor-General, Howard T. Overby,* for plaintiff.

*Sloan & Telford,* for defendant.

SUTTON, C. J. The Solicitor-General of the Superior Court of Hall County, in the name of and on behalf of the State, filed in the superior court of said county a condemnation proceeding against a described Ford pick-up automobile, alleged to be the property of and in the possession of Frank Patterson, and used by him in transporting, possessing, and removing intoxicating liquors and beverages in Hall County in violation of the law. It was alleged in the petition that said motor vehicle was seized in Hall County, Georgia, on April 16, 1949, by

a deputy sheriff of said county, and at the time of the seizure said vehicle was being used on the public roads in Hall County to possess, convey, remove, conceal, and store 31 cases of intoxicating liquors and beverages, to wit: "Burger Beer," the same being an intoxicating malt beverage, and at the time of seizure of said vehicle said malt beverages therein contained were being possessed, conveyed, removed, concealed, and stored in said vehicle by the owner and occupant thereof for the purpose of sale in Hall County, Georgia, and other counties unknown; that the owner and occupant of said vehicle had not obtained a license to deal in such beverages and that the possession and transportation in said vehicle for the purpose of sale, without first obtaining a license to deal in such intoxicating beverages, was in violation of the law.

Frank Patterson, as claimant and owner of said vehicle, filed a general demurrer to the petition to condemn upon the ground that said petition as a whole failed to set forth any cause of action and failed to show any fact that would authorize the condemnation of the described automobile. The trial judge sustained the general demurrer and dismissed the petition, and the State excepted to that judgment.

■ Code .(Ann. Supp.) § 58-207, entitled "Contraband articles; seizures; destruction; sale," provides, in part, that: "All vehicles and conveyances of every kind and description in this State . . which are used in conveying, removing, concealing or storing, any liquors or beverages the transportation, possession or storing of which is in violation of the laws of the State, shall be seized and condemned by any sheriff or other arresting officer who shall report the same . . to the solicitor of the county, city or superior court." Prior to the act of 1935 (Ga. L. 1935, p. 79) beer and malt beverages were included in the term "prohibited liquors and beverages," but that act amended the prohibition law by excluding malt beverages, and Code (Ann.) § 58-101 is now as follows: "Prohibited liquors and beverages, what embraced in term. — The term 'prohibited liquors and beverages,' used in any law to promote temperance or to suppress the evils of intemperance, shall include the following: (1) Alcohol, alcoholic liquors, spirituous liquors and all mixed liquors, any part of which is spirituous,

foreign or domestic spirits, or rectified or distilled spirits; absinthe, whisky, brandy, rum and gin; (2) vinous liquors and beverages; (3) nothing in this Chapter shall apply to fermented beverages made from malt, in whole or in part, or any similar beverages." In *Bowman* v. *Davis*, 51 *Ga. App.* 478, 479 (3) (180 S. E. 917), this court said: "The statute providing for the condemnation of private vehicles used in the transportation of intoxicating liquors over the highways of this State, being in derogation of the common law, is to be strictly construed." Also see *Leath* v. *Rosser*, 52 *Ga. App.* 587 (183 S. E. 839). Malt beverages are not now included in the term "prohibited liquors and beverages." It is not a violation of law merely to transport, possess, or store fermented beverages made from malt, and a vehicle being used for such purpose cannot legally be seized and condemned as contraband. Code (Ann. Supp.) § 58-726, entitled "Sale without license a misdemeanor," provides that "No person, firm or corporation shall sell, offer for sale, or possess for the purpose of sale, any of the malt beverages specified and legalized by this Chapter, without first having obtained a license to deal in such beverages under the provisions of this Chapter, and any person, firm or corporation guilty of violating the provisions of this section shall be guilty of a misdemeanor and punished as provided in this Chapter." Code (Ann. Supp.) §§ 58-727 and 58-730 are as follows: "It shall be the duty of the State Revenue Commission and its agents to seize and take possession of any and all malt beverages specified herein, found in the possession of any person, firm or corporation in violation of the provisions of section 58-726, and turn the same over to the sheriff of the county in which same were seized for safe-keeping for a period of 10 days." § 727. "If no claim is filed to said goods so seized within 10 days, the same shall be destroyed by the State Revenue Commission or its agents, as contraband." § 730. While beer or malt beverages possessed by any person in violation of Code (Ann. Supp.) § 58-726 may be seized and destroyed as provided by the above mentioned Code sections, still there is no provision made in these statutes or elsewhere for the seizure and condemnation of vehicles or physical property used in such possession of malt beverages. It was ruled by the Supreme

Court in *Davis* v. *State*, 199 *Ga.* 839, 840 (3) (35 S. E. 2d, 458), where a solicitor-general for the State sought an order directing the sheriff to seize and close the place of business of a certain beer garden, and to seize the fixtures, furniture, and contents thereof, that "Since the passage of the act of 1935 (Ga. L. 1935, p. 73), amending the act of 1915 (Ga. L. Ex. Sess. 1915, p. 77), by providing that 'Nothing in this act shall apply to fermented beverages made from malt, in whole or in part, or any similar beverages,' there is no law in this State authorizing a physical closing of a place where beer is unlawfully sold, or a physical seizure of the contents thereof, as a public nuisance, under a suit in equity, the equitable remedy being injunction and not seizure."

■ The court did not err in sustaining the general demurrer of the claimant and in dismissing the petition of the solicitor-general seeking to condemn the described automobile.

*Judgment affirmed. Felton and Worrill, JJ., concur.*