33224. STATE OF GEORGIA *v.* SCHAFER *et al.*

754

DECIDED DECEMBER 5, 1950.

Q. L. Bryant, Solicitor, N. J. Smith, for plaintiff.
Harris, Chance & McCracken, for defendants.

GARDNER, J. 1. The State of Georgia contends that, under the present liquor law (Ga. L., Ex. Sess. 1937-38, p. 103), and under which it is sought by the State to condemn the Chevrolet truck of the Augusta Distributing Company, said whisky was being illegally transported through a county which had not

adopted the law legalizing the sale of whisky therein, to wit, that Jefferson County was a dry county, in that whisky, although tax-paid as here, could only be transported through it by the owner of such whisky, a dealer or manufacturer, in a vehicle belonging to such owner, which was plainly marked and identified, or by a public carrier for hire. It appeared that this truck belonged to the Augusta Distributing Company, Augusta, Richmond County, a wholesale liquor dealer, but that the truck was on this occasion transporting through said dry county whisky which belonged to other dealers in Richmond County, all to the same consignee. The truck was plainly marked and identified as the truck of the Augusta Distributing Company, which company was not a public carrier of property for hire, but a liquor dealer in Augusta. It does not appear that there is any statute of Georgia making it penal or unlawful for a whisky dealer to transport, in its or his vehicle, whisky belonging to other dealers, through a dry county. The statute reads: "It shall be unlawful for any manufacturer, wholesaler or retail distributor, or any person, to ship or transport by any means whatsoever any of the distilled spirits or alcohol into any county, in which county the manufacture, distribution, and sale of such distilled spirits or alcohol has not been authorized under the terms of this Chapter or its amendments; provided, however, nothing herein contained shall prevent any manufacturer, wholesale or retail distributor from shipping or transporting such liquors through such counties or municipalities where the destination of such liquors is beyond the limits of such county." Ga. L., Ex. Sess. 1937-38, pp. 103, 118, 119; Code (Ann. Supp.), § 58-1063.

It is noted that the statute above quoted contains the proviso that "nothing herein contained shall prevent any manufacturer, wholesaler or retail distributor from shipping or transporting such liquors through such counties or municipalities where the destination of such liquors is beyond the limits of such county." The petition alleges that the liquor in question was consigned to L. J. Lamb of Wadley, Georgia. It is known as a matter of fact to the members of this court (even without taking judicial cognizance thereof) that Wadley is a municipality in Jefferson County. However, it is also noted that the peti-

tion alleges that the transportation of the liquor was *through* Jefferson County; and the petition does not allege that it was going to L. J. Lamb at his residence. Therefore, the case is treated by this court on the theory that it was going through the dry county of Jefferson as alleged in the petition. It was so treated in the briefs of counsel for both sides. It will readily be seen that nothing in this law makes it unlawful for such a manufacturer or distributor to transport such distilled spirits through a dry county, where such spirits, while in the vehicle of the dealer, do not belong to the dealer but to other dealers, and that the owner of the vehicle is transporting the same for the other dealers. Penal statutes must be strictly construed, and they will not be given such a construction and interpretation as will make penal any act not therein plainly made penal and prohibited. See *Pritchett* v. *State,* 51 *Ga. App.* 228, 229 (179 S. E. 915), and cit. Under this rule, penal statutes cannot be extended beyond their precise and plain provisions. *Peterson* v. *State,* 13 *Ga. App.* 766 (79 S. E. 927). Also it has been held that proceedings to condemn an automobile used in transporting whisky are summary in nature, and that the statute permitting such condemnation must be strictly construed. *Harwood* v. *State,* 29 *Ga. App.* 464 (116 S. E. 211); *Leath* v. *Rosser,* 52 *Ga. App.* 587 (183 S. E. 839).

Under the provisions of said act providing for the seizure and condemnation of any vehicle being used to illegally transport such liquor, the same are specifically made applicable only to those vehicles transporting liquor in violation of Code (Ann. Supp.) § 58-1020, which provides that the transportation of untaxed liquor except to a State warehouse is a misdemeanor. Immediately following this section, appears § 58-1021, which provides: "Any vehicle so used, with the knowledge and consent of its owner, shall be subject to confiscation upon declaration being filed for the purpose by any solicitor of any city court, or solicitor-general, in this State, having jurisdiction thereof, under the rules of law now governing the confiscation and condemnation of vehicles used in transporting liquors: Provided, however, it shall be unlawful for bona fide claimants of such vehicles to file claim and replevy such property pending condemnation proceedings." Section 58-1021.1 provides as to the payment of the money received by salaried officers.

However, it is claimed by the State that this automobile was being used to illegally transport such liquor through Jefferson County, in that there were in existence certain rules and regulations promulgated by the Revenue Commissioner, charged with the administration of the liquor law of 1937-1938, and the collection of the taxes thereunder. Code (Ann. Supp.), § 58-1012. "Whoever violates . . any of the rules and regulations issued under authority of this Chapter, and in accord with the provisions of this Chapter, shall be guilty of a misdemeanor, and upon conviction shall be punished as for a misdemeanor as provided in section 27-2506" of the Code. See Ga. L., Ex. Sess. 1937-38, pp. 103, 121; Code (Ann. Supp.), § 58-1069. Thus it will be seen that there can only be punishment for a violation of any rule and regulation issued under authority of the act and "in accord with the provisions" thereof. The act itself does not make it penal for a duly licensed dealer of distilled spirits in a county which has adopted the law to transport through a "dry" county the liquor of other dealers there in the motor vehicle owned by the former. This statute does not limit the transportation of such liquor through a dry county, that is, a county which has not adopted the provisions of said liquor law, to transportation by the owner of the tax-paid liquor, a dealer, manufacturer, or distributor, in his own vehicle, or by a public carrier of property for hire. The condemnation of an automobile for transporting whisky can only be had when liquor is being transported in violation of the law. This was tax-paid whisky. And there is nothing in said law which limits the transportation of tax-paid whisky through a dry county to a dealer of his own liquor or to a public or common carrier of goods for hire. This law does not provide that a motor vehicle may be condemned and sold where the liquor is being so transported therein in violation of a rule or regulation of the Revenue Commissioner not issued in accord with the provisions of such law. The Revenue Commissioner of this State can properly promulgate for the enforcement and administration of this law only such rules or regulations as are issued under authority of the act and "in accord with the provisions" thereof. The Revenue Commissioner is head of a State department, created by statute of this State and established as an administrative body,

charged with the administration of the revenue statutes of this State, including the law legalizing the sale of intoxicating liquors in those counties adopting the provisions of such law. The commissioner does not have inherent powers, and he can lawfully act only as directed by statute. See *Southern Co-Op. Foundry Co.* v. *Drummond*, 76 *Ga. App.* 222 (45 S. E. 2d, 687). The law regulating the sale in this State of intoxicating liquors provides that the State Revenue Commissioner shall have the power and it shall be his duty "To adopt and promulgate . . such rules, regulations, standards, requirements, and orders not inconsistent with this Chapter or any law of this State or of the United States as he may deem necessary to control the manufacture, sale, distribution, storage, or transportation of distilled spirits and alcohol, in accordance with the provisions of this Chapter." Ga. L., Ex. Sess. 1937-38, pp. 103, 108; Code (Ann. Supp.) § 58-1022 (h). It appears that the rule-making power of the commissioner relates to procedural and administrative matters connected with the act and its administration. The rules here involved go further than that, and amount to an attempt by the commission to make unlawful and to penalize therefor an act which is not made wrongful or unlawful by the statute itself.

The Supreme Court has held in *Glustrom* v. *State,* 206 *Ga.* 734, 739 (58 S. E. 2d, 534), in dealing with a rule of the commissioner under this law, that "the General Assembly has, in effect, said that a violation of the rules and regulations of the State Revenue Commissioner, in accord, or in harmony, with those things declared to be a crime by the terms and provisions of the act, shall be a crime. The General Assembly did not provide that the violation of regulations policing the industry and requiring certain acts to be performed in a specified manner would be a misdemeanor. In every instance reasonable rules and regulations promulgated for administrative purposes or for policing the industry may be enforced as to licensees either by a suspension or cancellation of the license. The declaration that a violation of 'rules and regulations in accord with this Act' shall be a misdemeanor, limited the power to promulgate rules, the violation of which would be a misdemeanor, to those in harmony with what the Assembly had already declared to be a crime."

By parity of reasoning, there can be no rules and regulations made by the commission, a violation of which would result in the seizure, condemnation, and sale of a vehicle being used by the owner thereof in alleged violation of such rules, where these rules and regulations, made by the commissioner, are not "in harmony" or "in accord" with this law. Furthermore, the provisions of the act, under which the State is given the power to seize, condemn, and sell a motor vehicle, only empowers such seizure, condemnation, and sale thereof where such vehicle is being used in violating the law in the transportation of liquors, that is, to transport the same unlawfully, which law only made it unlawful to transport such liquors into a dry county, and did not make it unlawful for "any manufacturer, wholesale or retail distributor" to transport or ship "such liquors through such counties or municipalities where the destination of such liquors is beyond the limits" of the dry county.

A violation of a rule prohibiting an act not made unlawful by the act authorizing the governmental department to make the rule for the proper administration and enforcement of the act cannot lawfully subject a vehicle being used at the time, in violation of such rule, to seizure, condemnation, and sale under that act. It cannot be said that Code § 58-207 applies, for that statute relates to the transportation of non-tax-paid whisky, and not to the transportation of tax-paid liquor through a dry county. Hence, even though the rules and regulations of the Revenue Commission of this State, involved here, prohibit the transportation of tax-paid whisky or liquors through a dry county, unless by a manufacturer or dealer of his own liquor and in a vehicle belonging to him, which vehicle is plainly marked and identified, or by a public carrier of goods for hire—an automobile truck of a liquor dealer used to transport such liquor through a dry county (whisky does not belong to the owner of the truck but to other wholesale liquor dealers) cannot be properly seized, condemned, and sold under the provisions of the Code (Ann. Supp.) § 58-1021, or under § 58-207, as a vehicle being used to transport illegally, intoxicating and tax-paid liquors through a county which has not adopted the provisions of said law authorizing the sale thereof in such county. To hold otherwise would be to permit the Revenue Commissioner of this State

to legislate by rule or regulation and to penalize and punish for an act not made wrongful or unlawful by the provisions of the law, granting to such commissioner the power to adopt rules and regulations for the proper administration and enforcement of the law, which rules and regulations are not in accord with that law and not "in harmony" with the provisions thereof.

It follows that the petition, as amended, of the State of Georgia did not set forth any right of action authorizing the condemnation of the automobile truck here involved, and that the trial judge properly dismissed the same on general demurrer.

2. Taking this view, it becomes unnecessary to pass upon the motion made by the defendants in error to dismiss the bill of exceptions in this court.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*