# COLUMBUS *v.* SHEEHY.

· CONTRACTS; ILLEGALITY; AFFIDAVITS OF DEFENSE.

1. The illegality on the ground of public policy of a contract between
two attorneys and a client, because of the object sought to be accom-
plished by the contract, will not prevent one of the attorneys from
maintaining an action against the other to recover one half of the
fees received from the client.

2. Where two attorneys entered into a written contract whereby a client
agreed to pay them a $500 retaining fee and a contingent fee of
$5,000, and they received and divided the retaining fee, and after
the services under the contract had been fully performed, one of
the attorneys, who had prepared the contract, collected from the
client and kept as his own $2,500, an affidavit of defense in an action
against him by the other attorney to recover one half of that sum
as money had and received to the use of the plaintiff is insuffi-
cient, which recites that the defendant's agreement with the plain-
tiff was that he, the defendant, should receive $250 retaining fee
and $2,500 in the event of success; that after the services were
performed he called upon the plaintiff to collect his, the defend-
ant's, fee, which the plaintiff failed to do; that thereupon the de-
fendant collected his fee from the client, and the plaintiff acqui-
esced in the payment and then negotiated directly with the client
for the payment of the $2,500 due him: and that the defendant
made no promise out of which there could arise any obligation

on his part to pay the plaintiff the sum he claimed, or any other sum.    (Citing *American Secur. & T. Co. v. Kaveney*, 39 App. D. C. 223.)

No. 2753. Submitted February 3, 1915.   Decided April 19, 1915

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia for the defendant, the court, on a motion by the plaintiff for a summary judgment for want of a sufficient affidavit of defense, having determined, without considering the sufficiency of the defendant's affidavit, that the contract sued on was against public policy and void, and that the plaintiff accordingly had no standing in court.                                                    *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment for the defendant, Joseph C. Sheehy, in the supreme court of the District in an action of assumpsit.   Plaintiff's declaration is as follows:

"The plaintiff sues the defendant for money received by the defendant for the use of the plaintiff; and for money found to be due from the defendant to the plaintiff on accounts stated between them.   And the plaintiff claims twelve hundred and fifty dollars ($1,250) with interest thereon from the 29th day of August, 1914, according to the particulars of demand hereto annexed, besides costs."

In his particulars of demand plaintiff, William F. Columbus, sets forth that he and the defendant are members of the bar, and that prior to May 4, 1914, one Dennis J. McCarthy communicated to the plaintiff his desire to secure the transfer of his barroom license under the terms of the excise law of the District, and the plaintiff thereupon invited the defendant to join him "in the employment by McCarthy."   The defendant accepted and prepared the following contract, which was duly signed by the parties thereto:

"Fee agreement made this 4th day of May, 1914, between Dennis J. McCarthy, party of the first part, and William F.

Columbus and Joseph C. Sheehy, parties of the second part, is as follows:

"1. The party of the first part hereby employs the parties of the second part to represent him before the Excise Board of the District of Columbia in the matter of his application for a transfer of his license from No. 332 Fourteenth street, southwest, to the ground floor of the Evans Building, or elsewhere.

"2. The party of the first part shall pay the parties of the second part a retainer of five hundred dollars ($500), and an additional fee of five thousand dollars ($5,000), should his license be transferred to the ground floor of the Evans Building or elsewhere.

"3. The parties of the second part accept the employment aforesaid, and will endeavor to secure the transfer of the license of the party of the first part."

McCarthy then handed plaintiff his check for the $500 retainer fee, which plaintiff divided with the defendant. A public hearing before the Excise Board resulting in the granting of the application for the transfer of McCarthy's license, plaintiff and defendant appearing for McCarthy, plaintiff endeavored to collect the $5,000 contingent fee, but received nothing more than promises. Plaintiff kept defendant informed of his efforts. Thereafter McCarthy informed the plaintiff that he had paid the defendant, at his solicitation, $2,500 on account of the $5,000 fee. Plaintiff then discovered that McCarthy had given a chattel deed of trust on all of his assets, and plaintiff thereupon demanded of the defendant one half of the amount collected by him, which the defendant refused to pay. The plaintiff further set forth that the only agreement between the defendant and himself "concerning the subject-matter of the written agreement of May 4, 1914, hereinbefore set forth, is what appears on the face of that agreement."

Thereupon the defendant filed an affidavit of defense under the 73d rule, in which he set forth that when the plaintiff sought his services, "as attorney before said Excise Board in the matter referred to," defendant informed him that he would accept the employment if paid a retainer of $250 and a fee of $2,500 in

the event of success, and that he desired a written contract of employment. Plaintiff thereupon said he would charge McCarthy a like amount. The agreement set forth in plaintiff's particulars of demand was prepared in defendant's office, and plaintiff secured McCarthy's signature thereto. It was some time after the execution of said agreement that defendant first saw McCarthy. After the transfer of McCarthy's license, defendant called on plaintiff to collect defendant's fee, which he failed to do. Thereupon defendant collected said fee, McCarthy explicitly advising him that the amount paid was in full settlement of the fee due the defendant. The plaintiff was soon informed of this payment, and made no claim against the defendant, but, on the contrary, "acquiesced" in said payment by negotiating directly with McCarthy for the payment of $2,500 due him from McCarthy. The affidavit continues: "I further say that I never made any promise, contract, or undertaking, express or implied, out of which there did or could arise any obligation on my part to pay plaintiff the sum claimed or any other sum; that on the contrary, plaintiff at one time endeavored to lead him to believe that he would undertake to collect and deliver to me the fee it was expressly understood and intended I should receive, but he utterly failed so to do."

The plaintiff thereupon moved for judgment "upon the ground that said affidavit of defense, if true, is insufficient to defeat the plaintiff's claim in whole or in part." Without considering the sufficiency of the defendant's affidavit, the court rendered judgment for him on the ground that the contract between McCarthy and the parties to this action was against public policy and void, and that the plaintiff has no standing in court.

*Mr. Lorenzo A. Bailey* for the appellant.

*Mr. Frank J. Hogan* and *Mr. D. W. Baker* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The plaintiff has not declared upon the McCarthy contract.

He avers that the defendant has received money for his, the plaintiff's, use. His particulars of demand, wherein the McCarthy contract is set out, merely limits his claim and restricts his proof to the subject-matter therein specified. *American Security & Tr. Co.* v. *Kaveney,* 39 App. D. C. 223. The case made amounts to this: A contract was entered into between McCarthy on the one hand and the plaintiff and defendant on the other. On the face of that contract the plaintiff and defendant were jointly interested therein. Plaintiff avers that the $500 retainer fee was paid him, and that he divided this equally with the defendant; that the services called for by the contract were rendered by the plaintiff and defendant, and their contingent fee was earned; that half of it, $2,500, was paid the defendant, who was jointly interested with the plaintiff; that there was no agreement between the plaintiff and defendant concerning their respective rights under the McCarthy contract except "what appears on the face of that agreement." In other words, that when the defendant collected the $2,500, one half of it was for the use of the plaintiff. It thus clearly appears that this is not a suit to enforce the McCarthy agreement. The object of that agreement has been accomplished, and is in no way affected by this suit. This is merely an attempt on the part of the plaintiff to compel one jointly interested with him to pay over money received for his use. There is a clear distinction between enforcing an illegal contract, and enforcing a duty not springing from it, but arising solely from the receipt of money or goods. Thus, in *Brooks* v. *Martin,* 2 Wall. 70, 17 L. ed. 732, the court said: "The difference between enforcing illegal contracts and asserting title to money which has arisen from them is distinctly taken in *Tenant* v. *Elliott,* 1 Bos. & P. 3, 4 Revised Rep. 755, and *Farmer* v. *Russell,* 1 Bos. & P. 296, and recognized and approved by Sir William Grant in *Thomson* v. *Thomson,* 7 Ves. Jr. 473, 6 Revised Rep. 151." In *Planters' Bank* v. *Union Bank,* 16 Wall. 483, 21 L. ed. 473, it was ruled that, although an illegal contract will not be enforced by courts, yet where such a contract has been executed by the parties themselves, and the illegal object has been accomplished, the money

or thing which was the price of it may be a legal consideration between the parties for a promise, express or implied, and the court will not inquire as to the origin of the transaction. It therefore will not be necessary for us to inquire whether the Mc-Carthy contract possessed any infirmities.

The defendant avers that he was to receive a retainer of $250 and a fee of $2,500 in the event of success, and that the plaintiff was to receive the same. The McCarthy contract, drawn in defendant's office, stipulates that "the parties of the second part," that is the plaintiff and defendant, are to receive a *retainer* of $500 and an additional *fee* of $5,000 in the event of success. There is no averment in the defendant's affidavit that each of these parties was to collect his own fee, and the averment that the plaintiff "acquiesced" in the payment to him is a mere conclusion of law, not supported by the other averments of the affidavit. Under the facts stated in plaintiff's particulars of demand, and admitted in the defendant's affidavit, these parties really were joint adventurers. As such, they should have been loyal to each other. Receipt of proceeds of the adventure by one party was receipt for the other. Certainly one party ought not to be permitted to secure all the proceeds of the adventure possible to be obtained, and apply this amount to the full satisfaction of his own share, at the expense of the other party. The injured party does not acquiesce in such an attempt by making an unsuccessful effort to collect the balance of the expected proceeds of the adventure. Such an attempt on his part is merely evidence of good faith. The concluding averments in the defendant's affidavit to the effect that he did not make any promise, express or implied, out of which there did or could arise any obligation on his part to pay the plaintiff the amount claimed, is a conclusion of law, and, as suggested of other averments in his affidavit, inconsistent with the admitted facts of the case. We are clearly of the opinion that judgment should have been entered for the plaintiff in the amount claimed.

Judgment reversed, with costs, and cause remanded for further proceedings.                    *Reversed and remanded.*