BERNHAN CHEMICAL AND METAL CORPORATION, Appel-
lant and Respondent, v. SHIP-A-HOY, LTD., INC.,
Respondent and Appellant,

*Pleading — defenses — counterclaims — demurrer to separate defenses
and to counterclaims set up in answer.*

Reported below, 200 App. Div. 399.

(Argued October 9, 1922; decided October 24, 1922.)

APPEAL by plaintiff, by permission, from an order of
the Appellate Division of the Supreme Court in the
first judicial department, entered April 13, 1922, which
reversed so much of an order of Special Term as sustained
a demurrer to the defenses set forth in the fourth, fifth
and sixth sections of the amended answer and overruled
such demurrer. Appeal by defendant, by permission,
from so much of said order of the said Appellate Division
as sustained plaintiff's demurrer to the counterclaims
alleged in subdivisions 1 and 7 of the amended answer
and to the defense set up in subdivision 3 thereof.

The following questions were certified: " 1. Does the
counterclaim alleged in the subdivision of said answer
numbered ' I ' state facts sufficient to constitute a cause
of action?

" 2. Is the defense set forth in the last paragraph
of the subdivision of said answer numbered ' III ' suffi-
cient in law upon the face thereof?

" 3. Is the defense set forth in the last paragraph
of the subdivision of said answer numbered ' IV ' sufficient
in law upon the face thereof?

" 4. Is the defense set forth in the last paragraph
of the subdivision of said answer numbered ' V ' sufficient
in law upon the face thereof?

" 5. Is the defense set forth in the last paragraph
of the subdivision of said answer numbered ' VI ' sufficient
in law upon the face thereof?

" 6. Is the counterclaim alleged in the subdivision of
said answer numbered ' VII ' of the character specified
in section 501 of the Code of Civil Procedure, (a) in that
it sets forth a cause of action arising out of the contract

or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action; or (b) in that it sets forth a cause of action on contract existing at the time of the commencement of this action?

" 7. Does said last-mentioned counterclaim state facts sufficient to constitute a cause of action? "

*H. H. Nordlinger* and *Samuel H. Hofstadter* for plaintiff, appellant and respondent.

*William W. Armstrong* for defendant, respondent and appellant.

Order reversed in so far as it affirms Special Term order sustaining demurrer to counterclaim designated No. 7, and in so far as it reverses Special Term order and sustains demurrer to defense designated No. 3 in second amended answer, and otherwise affirmed, without costs to either party, and with leave to plaintiff to plead over within twenty days where demurrer is overruled. Questions all answered in the affirmative except the sixth, which is not answered; no opinion.

Concur: HOGAN, POUND, CRANE and ANDREWS, JJ. HISCOCK, Ch. J., and McLAUGHLIN, J., concur except as to defense designated No. 3, as to which they dissent; CARDOZO, J., concurs except as to counterclaim designated No. 7, as to which he dissents.