ANTHONY ROMANO, Plaintiff, *v.* FRANK BONO and Others,
Defendants.

Supreme Court, Special Term, Kings County, June 22, 1938.

*Michael F. Longo*, for the plaintiff.

*Koenig, Bachner & Koenig* [*Lester R. Bachner* of counsel], for
the defendants Alan J. and Frank Bono.

*Milton H. Mandel*, for the defendant James Bono.

HOOLEY, J. The court finds that there was a partnership as
alleged in the complaint. However, it appears that the plaintiff is
faced with an insuperable barrier which precludes recovery. This
barrier is the illegality which taints the agreement upon which
the action is brought.

The Alcoholic Beverage Control Law forbids secret partnerships
and requires licenses to be issued in the name of the true owner of the
business. Since the agreement alleged by the plaintiff contemplated
that the true owners of the business were to remain and did remain
concealed and that a " dummy " was to act and did act for them as
owners, and that the license was to be taken in the name of the
" dummy," the said agreement is illegal. One of the true owners
of the business having been previously convicted of a crime, it is
readily apparent why the application was not made in the names of
the real parties. Unquestionably the license would not have been
issued. Hence the subterfuge. Therefore, it is obvious that the
agreement contemplated and resulted in violations of the Alcoholic
Beverage Control Law and the Penal Law.

In view of the fact that such violations of law were all integral parts of the agreement, there can be no recovery by plaintiff. (*Sturm* v. *Truby,* 245 App. Div. 357: *Morgan Munitions Co.* v. *Studebaker Corp.,* 226 N. Y. 94.)

The cases cited by plaintiff (*Rosasco Creameries, Inc.,* v. *Cohen,* 276 N. Y. 274; *Sajor* v. *Ampol, Inc.,* 275 id. 125, and *Fosdick* v. *Investors Syndicate,* 266 id. 130) are easily distinguishable. In each of these cases the illegality was collateral. The transactions sued upon were legal, but plaintiff had failed to comply with a statute requiring registration or licensing.

The unfortunate result of this situation is that the defendants will benefit in effect by their own wrongdoing. Nevertheless the court can do nothing to remedy this, as it is well settled that where parties to an illegal contract are *in pari delicto* the court will leave them *in statu quo.*

In view of this determination it becomes unnecessary to pass upon the effect of the general release.

Judgment for defendants.