BOSSOM DAIRY CO., INC., Plaintiff, *v.* ROCKDALE CREAMERY CORPORATION, Defendant.

Supreme Court, Special Term, Kings County, May 1, 1939.

*Cowin & Cowin,* for the plaintiff.

*Rubinton & Coleman,* for the defendant.

CUFF, J. The action is for breach of contract. Plaintiff alleges a contract which provided that defendant would furnish milk to plaintiff; would bill plaintiff in accordance with the prices set by the State Milk Control Board; that plaintiff would pay such bills; that from time to time plaintiff and defendant would have an accounting and plaintiff would receive credit of " a sum equal to the difference between the prices billed and the prices quoted " by a certain milk service company. The meaning of that agreement is that plaintiff was to receive a rebate by its terms. Subdivision 2 of section 258-m of the Agriculture and Markets Law (Added by Laws of 1934, chap. 126, § 2; repealed by Laws of 1937, chap. 383, § 1) provides in part: " After the Commissioner shall have fixed prices and/or handling charges to be charged or paid for milk * * * it shall be unlawful for a milk dealer to sell or buy or offer to sell or buy milk at any price less or more than such price or prices as shall be applicable to the particular transaction and no method or device shall be lawful whereby milk is bought or sold or offered to be bought or sold at a price less or more than

such price, or prices as shall be applicable to the particular transaction, whether by a discount or rebate."

That statute denounces as unlawful the very agreement that is the subject of this suit. This court may not entertain an action based upon an illegal agreement. The complaint must be dismissed. *Rosasco Creameries* v. *Cohen* (276 N. Y. 274), cited by plaintiff, is not controlling. In that case plaintiff was operating without a milk dealer's license. That was a violation of law. The court held that the unlicensed plaintiff could recover upon a contract that it had entered into as a milk dealer. That was because the contract sued upon was valid in all respects. The illegal act (failing to take out a license) was a collateral matter. Here, plaintiff's illegal act is not a collateral matter; it is the prime factor. The case rests upon an illegal agreement. It cannot be maintained. (See *Romano* v. *Bono*, 168 Misc. 897.) Motion granted.