**CHIPPAS v. VALLTOS.**

**No. 7698.**

United States Court of Appeals for the
District of Columbia.

Decided Oct. 13, 1941.

Charles Walker and Mark P. Friedlander, both of Washington, D.C., for appellant.

Henry I. Quinn, of Washington, D.C., for appellee.

Before GRONER, Chief Justice and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

The District Court dismissed appellant's bill of complaint seeking an accounting. The question is whether the court, exercising its equity heritage, properly applied the in pari delicto rule to the facts presented.

Plaintiff alleged that he was employed in a restaurant, and that defendant approached him with the proposition that they open their own restaurant. He further alleged that later they entered into a 50-50 partnership for the operation of a restaurant, including the sale of alcoholic beverages, and after two years had passed defendant forced him to leave.

Defendant answered that plaintiff was never a partner, and, further, since plaintiff was an alien he could have no interest in the business nor the license. In his testimony, plaintiff admitted that he was an alien and knew that he could not obtain a license. He revealed that the liquor license had been taken out in defendant's name, with his consent, before the restaurant was opened. With so much of the case presented, the court dismissed the bill of complaint.

The District Alcoholic Beverage Control Act then and now in force provides that no individual or partnership should sell any alcoholic beverage without a license.[1] It provides further that before a license is issued the Board should satisfy itself "That the applicant, if an individual, or, if a partnership, each of the members of the partnership, * * * is a citizen of the United States * * *",[2] and that "the applicant is the true and actual owner of the business * * *".[3] The violation of any section (not otherwise specifically provided for) carries a penalty of imprisonment for not longer than a year or a fine up to $1,000, or both.[4]

The equity rule that a court will not specifically enforce or conduct an accounting under an illegal contract where both parties are at fault is well established.[5] This rule is not supposed to condone

---

[1] D.C.Code Supp. V, Tit. 20, § 1909 (a).

[2] D.C.Code Supp. V, Tit. 20, § 1914 (a) (2).

[3] D.C.Code Supp. V, Tit. 20, § 1914 (a) (3).

[4] D.C.Code Supp. V, Tit. 20, § 1933.

[5] Romano v. Bono, 168 Misc. 897, 6 N. Y.S.2d 204; Flegenheimer v. Brogan, 284 N.Y. 268, 30 N.E.2d 591, 132 A.L.R. 613; Kennedy v. Lonabaugh, 19 Wyo. 352, 117 P. 1079, Ann.Cas.1913E, 133; Teoli v. Nardolillo, 23 R.I. 87, 49 A. 489; 4 A.L.R. 44, particularly 64 et seq., 80 et seq., and 104 et seq.; I Pomeroy, Eq-

the behavior of the defendant in any way. It is thought that such a rule will help a society's policy as expressed in its laws to be self-executing. Here, accepting appellant's contentions for the purpose of argument, it appears that he, an alien, knowingly permitted the defendant to take out the license and to conduct the business in the latter's name because that was the only way plaintiff could obtain an "interest" in the liquor trade. The Alcoholic Beverage Control Act expressly prohibits such a device. A careful study of the record reveals no reason why any of the exceptions to the illegal contract rule should be applied;[6] rather this appears to be a clear case where a court should not umpire a division of the spoils.

Affirmed.

uity Jurisprudence, 4th Ed. 1918, § 402; I Am.Jur., Accounts and Accounting, § 56.

[6] McBlair v. Gibbes, 17 How. 232, 58 U. S. 232, 15 L.Ed. 132; Brooks v. Martin, 2 Wall. 70, 69 U.S. 70, 17 L.Ed. 732; Planter's Bank v. Union Bank, 16 Wall. 483, 83 U.S. 483, 21 L.Ed. 473; Connolly v. Union Sewer Pipe Co., 184 U.S. 540, 22 S.Ct. 431, 46 L.Ed. 679; Columbus v. Sheehy, 43 App.D.C. 462; Vaszauskas v. Vaszauskas, 115 Conn. 418, 161 A. 856: Ely v. King-Richardson Co., 265 Ill. 148, 106 N.E. 619, L.R.A.1915B, 1052; 19 Am. Jur., Equity § 478.