JOHN F. O'CONNOR, Respondent, v. EDNA O'CONNOR, Appellant, and Others, Defendants.— In an action to impress a trust on a liquor business, and for other relief, order denying defendant Edna O'Connor's motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint for insufficiency, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. Under the allegations of the complaint, which on this motion are deemed recitals of established facts, the plaintiff is the owner of and has been conducting a liquor business for more than three years, during which time he had

an agreement with his wife to hold in her name the license issued by the State Liquor Authority. The wife has recently excluded the plaintiff from the business; and this action is for a declaration that plaintiff is the true owner thereof and entitled to have the necessary legal documents executed by the appellant so as to evidence his ownership, and for other equitable relief. It is obvious and plaintiff concedes that his interest in the business is and has been in violation of the Alcoholic Beverage Control Law, because he has never disclosed his interest to the Liquor Authority and no license was ever issued to him. While plaintiff's agreement with his wife constitutes an act which is *malum prohibitum*, such agreements cannot form the basis of an action except where the statute violated is one designed to protect one set of men from another set of men more advantageously situated; and the Alcoholic Beverage Control Law is not such a statute. (*Tench* v. *Lawson*, 225 App. Div. 198, 200; *Flegenheimer* v. *Brogan*, 284 N. Y. 268; *Carmine* v. *Murphy*, 285 id. 413; *Romano* v. *Bono*, 168 Misc. 897.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.