CARL SOMMER et al., Copartners Doing Business as CARL SOMMER MACHINE WORKS, Plaintiffs, *v.* E. B. KELLY Co., INC., Defendant.

City Court of New York, Special Term, Kings County, January 24, 1944.

*Benjamin Jaffe* for plaintiffs.

*Walter R. Kuhn* for defendant.

LIVINGSTON, J. Plaintiffs, who operate a machine shop, purchased, paid for and received from defendant a milling machine with accessories at a cost of $2,850. This sum was $944 in excess of the " ceiling " price fixed by the Office of Price Administration under the authority of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*). Plaintiffs seek to recover $944 plus $250 for " reasonable attorney's fee."

The first and third causes of action set forth in the complaint appear to be an attempt to recover under the provisions of subdivision (e) of section 205 of said Act [U. S. Code, tit. 50, Appendix, § 925, subd. (e)]. However, in their brief, plaintiffs assert that they " are not utilizing the remedial provisions of the Emergency Price Control Act of 1942 as a basis of recovery, but rely upon the common law in implied contract."

The Office of Price Administration, to which the pendency of this action was certified, pursuant to subdivision (d) of section 205 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 925, subd. (d)] has declined to intervene "Since the issues involved in the present motions seem to be concerned mainly with plaintiffs' right to bring an action not based on Sec. 205 (e) of the Act * * *."

Subdivision (a) of section 4 of the Act [U. S. Code, tit. 50, Appendix, § 904, subd. (a)] makes it unlawful to sell and also makes it unlawful "in the course of trade or business to buy or receive any commodity * * * in violation of * * * any price schedule" etc.

Subdivision (e) of section 205 of said Act [U. S. Code, tit. 50, Appendix, § 925, subd. (e)] reads in part: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business, may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court."

The section further provides that if the buyer is not entitled to bring the action under said provision, the Administrator may do so.

This court is constrained to find that the plaintiffs, in purchasing and receiving the machinery, unquestionably must be deemed to have done so "in the course of trade or business". In arriving at this conclusion the court is aware of an opposite holding in *Lightbody* v. *Russell* (45 N. Y. S. 2d 15) but must respectfully differ. This court finds more apt the interpretation officially issued by Assistant General Counsel of the Office of Price Administration on July 3, 1942 which reads: "'In the course of trade or business' applies to purchases by industrial and commercial consumers as well as to purchases for resale. In general it applies to buyers engaged in commercial activity for profit." (Commerce Clearing House, War Law Service, Price Control, Vol. 1, ¶ 42,402.16.) In following such interpretation, this court is not only convinced of its correctness but also bears in mind that the "'contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion, of making the parts

work efficiently and smoothly while they are yet untried and new ' '' is entitled to great weight. (*U. S.* v. *Amer. Trucking Ass'ns*, 310 U. S. 534, 549; see, also, *Matter of Marburg* v. *Cole*, 286 N. Y. 202.)

Since the purchase was made for use " in the course of trade or business," and since, as is alleged in the answer, the Administrator did bring action and settle with defendant for $1,416, it is apparent that plaintiffs have no cause of action under said section, and their present position, as indicated in their brief, is an attempt to save the action by falling back upon the common law.

The said Act, the rulings and the " ceiling " prices fixed pursuant to its provisions, constitute the law. The court will take judicial notice of said law. (Civ. Prac. Act, § 344-a, subd. A, par. 5.)

The plaintiffs, as well as the defendant, are presumed to know said law, regardless of what each may have told the other the law was. Any statements as to the law would merely constitute an expression of opinion and, therefore, would not be actionable. " Every man is charged with knowledge of the law of his own State and of the Nation." (*Bernhan C. & M. Corp.* v. *Ship-A-Hoy, Ltd., Inc.*, 200 App. Div. 399, 409, mod. 234 N. Y. 563, on reargument 234 N. Y. 605.)

Accordingly, both parties knowingly violated the law by making the agreement of purchase and sale of the machinery in question, for a consideration in excess of the " ceiling " price. The contract was " evil and illegal ". (*Export Syndicate of Steel Producers* v. *Dilsizian*, 36 N. Y. S. 2d 868, affd. 265 App. Div. 923, motion for leave to appeal denied, 265 App. Div. 991.)

An analogous situation arose in *Bossom Dairy Co., Inc.*, v. *Rockdale Creamery Corp.* (171 Misc. 657, affd. 258 App. Div. 961) where the court, in passing upon a suit likewise brought to recover an overcharge made illegal by a price-fixing statute, held: " That statute denounces as unlawful the very agreement that is the subject of this suit. This court may not entertain an action based upon an illegal agreement."

Insofar as the agreement has been performed, the court will not order restitution. (*Darling* v. *Darling*, 241 App. Div. 57, affd. 265 N. Y. 650; *DiTomasso* v. *Loverro*, 250 App. Div. 206, affd. 276 N. Y. 551.)

As to the third cause of action, an additional reason why plaintiffs may not recover " reasonable attorney's fee " is that " It is settled by the authorities that between the immediate parties to an action the plaintiff is limited to the costs fixed by

statute." (*Rollin* v. *Grand Store Fixture Co., Inc.,* 231 App. Div. 47, 50.) Counsel for the plaintiffs cites *Abounader* v. *Strohmeyer* (243 N. Y. 458). The legal fees allowed in that action were " the proximate result of defendant's violation of the statute and default " and not the fees expended in prosecuting the suit for damages arising out of defendant's wrongdoing. They were incurred prior to the commencement of the suit for damages.

Plaintiffs' motion to strike out first and second affirmative defenses to the first cause of action, and the first affirmative defense to the third cause of action is denied. Defendant's motion to dismiss first and third causes of action is granted. Orders signed.