THOMAS R. COURTNEY, Plaintiff, v. JOHN RIORDAN et al., Defendants.

Supreme Court, Erie County, June 15, 1948.

*George E. Burns* for plaintiff, and Helen V. Courtney, defendant.

*Dean E. Higgins* for John Riordan, defendant.

SAMUEL J. HARRIS, Official Referee. The premises at No. 903 Military Road, town of Tonawanda, Erie County, New York, consists of store building and living rooms. The store portion is fitted up and occupied for tavern and restaurant purposes and the license for such tavern and restaurant purposes is held by the defendant Helen V. Courtney. She is a housewife and the spouse of the plaintiff Thomas R. Courtney. Thomas R. Courtney is an auditor and public accountant who devotes the largest part of his professional occupational duties to the books and accounts of tavern owners. The defendant John Riordan is a member of the Buffalo Fire Department employed by the city of Buffalo and he is a brother of the defendant Helen V. Courtney. Prior to the commencement of this action and ever since the defendant Riordan has been occupying the living quarters in the premises at 903 Military Road. The plaintiff Thomas R. Courtney claims to be entitled to the possession of said premises under a lease which he at present holds covering the entire property at 903 Military Road. Originally the plaintiff endeavored to secure such possession from the defendant Riordan by a summary dispossess proceeding brought in the Justice's Court; in such proceeding the defendant John Riordan made a claim of partnership in the tavern and restaurant business on the premises, on this account jurisdiction failed in the Justice's Court. Subsequent to the discontinuance of such proceeding in the Justice's Court the present action was brought in the Supreme Court by the plaintiff. The relief sought in this action is the ejectment of the defendant Riordan from the premises and a judgment in favor of the plaintiff against such defendant for damages allegedly brought about by the defendant converting certain proceeds out of the business and/or an injunction restraining the defendant Riordan from interfering with the business and the premises. The defendant Riordan answered and by his answer made the defendant Helen V. Courtney a party to this action and in such action claims to be a partner in the business and to be entitled to possession of the living rooms and to an accounting by reason of such partnership from the plaintiff and from the defendant Helen V. Courtney. By stipulation all of the parties hereto waived any right to a jury trial of any of the issues and agreed that the action be referred to an official referee of the Supreme Court to hear and determine. The trial of such action has proceeded before me for some time and the issues have finally been submitted for my decision.

From the proof before me I find as established the following facts in this action: Attracted by the possibility of profit in the tavern ·and restaurant business the plaintiff in January, 1945, his wife, the defendant, Helen V. Courtney, and their daughter pooled their savings in a considerable amount for the purpose of purchasing the then existing tavern and restaurant business at 903 Military Road and the lease thereon. Mrs. Courtney, the defendant, could not devote sufficient time to conduct the business; the plaintiff was not in a position to actually conduct the tavern and so an arrangement was made by them with the defendant Riordan in addition to the duty and time which he owed to the city of Buffalo as a city fireman to act as manager of the tavern and restaurant business. He was to have the further assistance of one Crotty who was also a Buffalo city fireman. The Courtneys, plaintiff and defendant, claim that the arrangement with the defendant Riordan and with Crotty was one of employment; the defendant Riordan claims that there was an oral agreement of partnership in which he was to be one of the partners with the Courtneys; Crotty disavows any claim of partnership. On this disputed fact I have reached the conclusion that the relationship between the defendant Riordan and the Courtneys, plaintiff and defendant, was an agreement of partnership. These arrangements for the conduct of the business having been made (there was no agreement in writing), efforts were made to procure a license from the State Liquor Authority for the conduct of a tavern and restaurant on the premises. On making such application there was disclosed to the State Liquor Authority the fact that the Courtneys, plaintiff and defendant, and their daughters were providing the money as capital for the business. Inquiry was made by the State Liquor Authority as to the relationship of the defendant Riordan and Crotty to the business and both of these persons, Riordan and Crotty, made definite statements to the State Liquor Authority that they had no interest in the business as partners or investors. Riordan made such statements at the plaintiff's request and with the intention of deceiving the State Liquor Authority. The license was issued to the defendant Helen V. Courtney on July 23d, 1945. Thereafter the plaintiff informed Riordan that the subterfuge had succeeded with the· State Liquor Authority and that he desired Riordan to remain as his partner; subsequently some difficulties arose between the plaintiff and the defendant Riordan that led to the defendant Helen V. Courtney arranging for the defendant Riordan to

remain as a partner in the business. The relationship of Riordan was concealed from the State Liquor Authority purposely by the Courtneys and Riordan. Subsequently and prior to the beginning of the proceeding by the plaintiff to remove the defendant Riordan from the premises further disputes arose, the transaction of business at the premises was closed temporarily and the defendant Riordan remained in possession of the premises and the assets of the business. It was at this stage of the transactions among the parties to this action that this action is brought and the relief hereinbefore stated prayed for by each one of the parties, the plaintiff for ejectment and an accounting by the defendant Riordan, the defendant Riordan for the declaration of the existence of the partnership and for an accounting under such partnership and the defendant Helen V. Courtney for a judgment against the defendant Riordan similar to that asked for by the plaintiff. In addition to still occupying the living apartment of the premises 903 Military Road the defendant Riordan at the time of the trial had in his possession in cash $1,016 and liquor and similar stock and fixtures. Certain indebtedness is still owed by the business. Attempts were made on the trial by all of the parties to secure an accounting of the moneys handled from time to time in the business by each of the parties to this action; the proof in this respect is vague and failed to be sufficient on which the court could determine an accounting.

There is now before the court to determine the legal status of the parties each to the other with reference to the business and premises involved and the type of judgment that is warranted on the proof taken before me as an official referee and as above summarized. Even though there has been found that the Courtneys, plaintiff and defendant, engaged in the relationship of partnership with the defendant Riordan, such partnership was founded on an illegal basis and cannot be used to establish any rights of the defendant Riordan as a partner. False information was given to the State Liquor Authority by all the three parties hereto with their knowledge as to the interest of Riordan in the business. This falsity was for the purpose of inducing the State Liquor Authority to issue the license to Helen V. Courtney, the defendant. It becomes necessary then to conclude that the defendant Riordan had no right to have had, and has no right as a partner in the business conducted at 903 Military Road, the premises in question. (*Carmine* v. *Murphy*, 285 N. Y. 413; *Flegenheimer* v. *Brogan*, 284 N. Y. 268;

*O'Connor* v. *O'Connor*, 263 App. Div. 820; *Romano* v. *Bond*, 168 Misc. 897; Restatement, Contracts, §§ 598, 600–602.) The transaction among the parties on which would ordinarily be based a finding of a partnership was so tainted with illegality and so against public policy of the State of New York that no legal partnership could exist under the circumstances and no right could accrue from such agreement to any of the parties hereto. On the facts the court must further conclude that Helen V. Courtney is the sole owner of the tavern and restaurant business above described and is entitled to have delivered to her by the defendant Riordan the cash on hand in the amount of $1,016 and the stock of goods on the premises all of which belong to the business. The plaintiff is entitled to the possession of the living rooms now occupied by the defendant Riordan. No party is entitled to an accounting from either of the others of the financial transactions involved in the illegal agreement. The liabilities for indebtedness on the part of the tavern and restaurant business to any of the creditors are solely those of the defendant Helen V. Courtney.

Judgment may be had accordingly.