Hunt vs. Burk.

No. 34.—FREDERICK S. S. HUNT, plaintiff in error, *vs.* JOHN W. BURK, defendant in error.

For money paid on an illegal contract, without fraud, an action lies immediately to recover it back, and the statute bar is four years.

Assumpsit, from Cass Superior Court. Decision by Judge TRIPPE, at March Term, 1857.

This was an action of assumpsit, by Frederick S. S. Hunt, against John W. Burk, to recover back the sum of five hundred dollars paid by Hunt to Burke, under the following state of facts agreed to by counsel for the parties.

Samuel J. Ray, Samuel T. Chapman, and defendant, John W. Burk, were candidates for *State Printer* at the session of the Legislature of November 1849: before the election came on, they entered into a copartnership, and agreed to unite their interests in the contest and to put forward Ray as the candidate, upon the understanding and agreement that Ray, if elected, was to do the printing, pay all expenses, and then the net profits to be equally divided between Ray, Chapman and Burk. The election came off and Ray was elected, and Burk soon afterward returned home (Cassville) and sold his interest in said public printing and the profits thereof to the plaintiff, Frederick S. S. Hunt, for the sum of five hundred dollars. He made the transfer

to plaintiff in writing, assigning to him all his interest of one-third of the profits of said printing and authorized Ray to pay over the same to said plaintiff or his order, so soon as he drew the same from the State Treasury; defendant assumed no responsibility in the event of Ray's failure to pay, but simply sold and assigned his interest, and plaintiff was informed of the facts and circumstances under which that interest arose and was claimed. Plaintiff subsequently fearing that there might be some difficulty about the matter, saw Burk and wanted him to promise to see it paid, which he refused to do, but did get Capt. Wofford to go to Macon and see Ray, who gave an acknowledgment of the claim which Hunt received. After the printing was done and the money received by Ray or his representatives, plaintiff demanded the same which was refused, and Ray, who is dead, was wholly insolvent. The sale and assignment of said interest, was made in December, 1849, to plaintiff; and the action was commenced 8th October, 1854.

The defendant pleaded the general issue, and the statute of limitations:

The judgment of the Court was, that the contract was not void but valid and binding on plaintiff; and that if it was not valid, the plaintiff was barred by the statute of limitations, which commenced running from the making thereof.

To this decision plaintiff excepted.

WRIGHT, for plaintiff in error.

JOHNSON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

If the plaintiff had a right to recover back the money from the defendant on the assignment of the printing contract, it was on the ground that that contract was illegal, as the assignment imposed no liability on the assignor, but was sim-

ply a transfer of the claim. There is no proof of fraud in the sale, and by the agreed evidence in the case, it was without liability on the part of the assignor. The right of action accrued to the plaintiff immediately on the payment of the money, if the contract was illegal, it being on that hypothesis alone, that he could be liable at all. To this action the statute bar is four years, and that time having run, the right of action was barred at the time the suit was instituted.

Judgment affirmed.