## DANIEL FOLEY *vs.* DAY BROTHERS, INC.

Worcester. September 23, 1946. — November 2, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & WILKINS, JJ.

*Price Control. Evidence,* Presumptions and burden of proof.

To maintain an action under § 205 (e) of the Federal emergency price control act of 1942 against a seller of a commodity sold for a price in excess of the prescribed maximum price, the buyer must sustain the burden of proving that he bought the commodity "for use or consumption other than in the course of trade or business."

Evidence merely that, when in 1943 a purchase of a motor tractor was made by a truck driver out of work, the buyer did not know what

he was going to do with it because he was about to be drafted into the army and that he did in fact let it to a truckman together with his own services as a driver, did not warrant a finding that he bought the tractor "for use or consumption other than in the course of trade or business" within § 205 (e) of the Federal emergency price control act of 1942.

CONTRACT. Writ in the Superior Court dated August 19, 1943.

The case was tried before *Swift,* J., who denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff, and the defendant alleged exceptions.

*W. L. Macintosh,* for the defendant.

*C. W. Proctor,* for the plaintiff.

LUMMUS, J. The emergency price control act of January 30, 1942, c. 26, Title II, § 205 (e) (56 U. S. Sts. at Large, 34), and the amendment thereof made by the stabilization extension act of June 30, 1944, c. 325, Title I, § 108 (b) (58 U. S. Sts. at Large, 640; U. S. C. [1940 ed.] Sup. IV, Title 50, Appendix, § 925 [e], page 1062), give the buyer of a commodity sold in violation of a regulation, order or price schedule prescribing a maximum price, a right of action against the seller, but only if the buyer buys such commodity "for use or consumption other than in the course of trade or business." Otherwise only the price administrator can sue the seller. Regulations were promulgated on March 31, 1943, fixing maximum prices for commercial motor vehicles sold after April 26, 1943.

The defendant, in April and May, 1943, was engaged in selling and repairing automobiles and trucks. The plaintiff was a truck driver out of work. Before April 26, 1943, the defendant agreed to sell and the plaintiff agreed to buy for $1,800 a heavy motor tractor used to haul a trailer truck. A deposit of $200 was paid before April 26, 1943, and the defendant gave the plaintiff a memorandum reciting the sale of the tractor to the plaintiff, dated April 20, 1943. The tractor was undergoing repairs made by the seller, and was not in a deliverable condition. Before April 26, 1943, the plaintiff ordered his name and address painted on the

tractor. The repairs were finished, and the tractor was delivered to the plaintiff and paid for, during May. Prior to April 26, 1943, it was not known what the maximum price would be. It turned out that the price exceeded the maximum price permitted by the regulations made on that day. The tractor when delivered turned out to be defective in some respect, and the defendant had to remedy that defect.

The plaintiff had no trailer truck to use with the tractor. He testified that he did not know when he bought the tractor what he was going to do with it, for he was about to be drafted into the army. He did in fact let the tractor, together with his own services as driver, to a truckman. There was no evidence that he intended to make any use of the tractor other than a use of it for the purpose of making money.

On August 19, 1943, the plaintiff brought this action to recover under the statutes cited, and on March 20, 1945, the jury returned a verdict in his favor. We need not consider other possible defences, for one point is conclusive. One of the reasons given for the defendant's motion for a directed verdict in its favor, which was denied subject to the defendant's exception, was that the plaintiff had failed to allege and prove that he purchased the tractor for use other than in the course of trade or business.

The case is fully covered by authority. The burden was on the plaintiff to prove that he bought the tractor "for use or consumption other than in the course of trade or business." He failed to prove that fact. It is settled that a farmer or logger or truckman who buys a tractor for use in his business, though not for resale, cannot maintain an action of this sort. *Lightbody* v. *Russell*, 293 N. Y. 492. *Bowles* v. *Seminole Rock & Sand Co.* 145 Fed. (2d) 482. *Speten* v. *Bowles*, 146 Fed. (2d) 602. *Bowles* v. *Rogers*, 149 Fed. (2d) 1010. *Bowles* v. *Jones*, 151 Fed. (2d) 232, 235. *Bowles* v. *Trullinger*, 152 Fed. (2d) 191. *Bowles* v. *Madl*, 153 Fed. (2d) 21. We think the fact that the plaintiff had no existing business when he bought the tractor is unimportant.

*Exceptions sustained.*
*Judgment for the defendant.*