31438. CROWLEY *v.* HUGHES.

DECIDED NOVEMBER 26, 1946.

532

*Robert T. Efurd,* for plaintiff in error.   *Harold Sheats,* contra.

FELTON, J.   ■   The motion to dismiss the writ of error on the ground that there was a failure to designate parties to the bill of exceptions is without merit and is denied.   *Tatum* v. *Moss, 58 Ga. App.* 434 (198 S. E. 814) ; *Joiner* v. *Singletary,* 106 *Ga.* 257 (32 S. E. 90) ; *Rosenheim Shoe Co.* v. *Horne,* 10 *Ga. App.* 582 (73 S. E. 593).   The bill recites that it is filed in the case of James C. Hughes against James W. Crowley, trading as Northern Car Company ; and that the court below passed an order overruling the defendant's general demurrer to the plaintiff's petition, and to this ruling the plaintiff in error excepted.   It is manifest from these recitals who the parties were.   Moreover, counsel for the plaintiff acknowledged service of the bill of exceptions as attorney for the defendant in error, and the defendant moved to amend his bill by setting forth the parties by name.   See Code, § 6-913; *Martin* v. *McAfee & Co.,* 31 *Ga. App.* 690 (122 S. E. 71) ; *Johnson* v. *Giraud,* 191 *Ga.* 577 (13 S. E. 2d, 365).   The amendment to the bill of exceptions is allowed.

■   There appearing in the brief for the plaintiff in error no reference to the special demurrer as to the jurisdiction, nor any general insistence upon all of the assignments of error, this court will treat this ground as abandoned.

"Irrespective of whether a public or private statute must be pleaded, in all cases, one who seeks the benefit of a statute must, by averment and proof, bring himself within its provisions. The complaint must plead every fact essential to the cause of action under the statute." 41 Am. Jur. 355, § 92. And this may not be done by inference. In this connection we will say that the court does take judicial notice of all State and Federal laws, but this will not alter the necessity for the plaintiff to plead in this case facts which bring him under the provisions of the statute. Obviously the statute applicable to this case is the Emergency Price Control Act of 1942, 56 Stat. 33, 50 U. S. C. A., Appendix, § 925 (e). This section of the statute provides: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption other than in the course of trade or business may,* within a year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one year period." (Italics by the court.)

Under this provision of the statute it was incumbent upon the plaintiff to allege and establish that he purchased the automobile "for use or consumption other than in the course of trade or business." The statute contains an exception as the basis of a cause of action, and the plaintiff, by his failure to negative the exception, failed to state a cause of action. In Lightbody v. Russell, 293 N. Y. 492 (58 N. E. 2d, 508), it is stated, and we think correctly: "The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business.' They can not bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the

course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action." It is only when this is made to appear that the purchaser is given a cause of action at all, otherwise the cause of action is exclusively in the Administrator. See *Jobson* v. *Masters, 32 Ga. App.* 60 (122 S. E. 724); Young v. Wierenga, 314 Mich. 287 (23 N. W. 2d, 92); Dunakin v. Southwestern Consumers Co-op. Assn., 49 N. M. 69 (157 Pac. 2d, 243); Bowles v. Trullinger, 152 Fed. 2d, 191; Bowles v. Whayne, 152 Fed. 2d, 375; Bowles v. Madl, 153 Fed. 2d, 21.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*