### 31489. MOODY *v.* FOSTER.

830

DECIDED FEBRUARY 6, 1947.   REHEARING DENIED FEBRUARY 28, 1947.

*Robert L. O'Neil, John D. Mosby, Edward N. Vaden, Hamilton B. Stephens,* for plaintiff.

*Frank A. Doughman, Noah J. Stone,* for defendant.

FELTON, J. ■ The judgment of the court overruling the defendant's demurrer, which was pitched on the ground that the court was without jurisdiction to try the action as it was of a quasi-criminal nature, was not an adjudication of the sufficiency of the petition. It merely adjudicated that the action brought by the plaintiff, while penal in its nature to some extent, is not such an action as to confer jurisdiction upon a court of criminal jurisdiction. (See, in this connection, Bowles *v.* Kroger Grocery & Baking Co., 141 Fed. 2d, 120 (2) : "Emergency Price Control Act is not a penal statute and remedy for its violation is not penal.") The ruling was, therefore, an adjudication of the single issue involved and is not res judicata as to the other issues (*Wheeler* v. *Board of Public Education,* 12 *Ga. App.* 152, 76 S. E. 1035; *Papworth* v. *Fitzgerald,* 111 *Ga.* 54, 36 S. E. 311; *Stevens* v. *Stembridge,* 104 *Ga.* 622, 31 S. E. 413; *Dunton* v. *Mozley,* 42 *Ga. App.* 295, 155 S. E. 794; *Ponsell* v. *Citizens & Southern Bank,* 35 *Ga. App.* 460, 133 S. E. 351), and did not preclude the court's passing on the defendant's motion to dismiss.

■ The court in dismissing the case on a motion in the nature of a general demurrer assigned as its reason for doing so, the authority of Porter *v.* Warner Holding Co., 328 U. S. 395 (66 Sup. Ct., 1090, 90 Law. ed. No. 16, p. 994, Advance Sheet). We find no ruling in that case applicable to the facts of this case. Justice Rutledge's statement to the effect that the buyer (tenants in the Porter case) must bring his action against one violating

832

the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, within thirty days from the occurrence of the violation is not a judgment of the Supreme Court of the United States. This statement appears in Justice Rutledge's dissenting opinion. Moreover, had this statement appeared in the majority opinion, it would not be binding on this court, as, under the facts of that case, the statement is in our opinion, obiter; and just as the statement is not binding, neither is it, to us, persuasive in reasoning as an enunciation of the law upon this point. The section of the Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, applicable to this case is § 205 (e) (50 U. S. C. A., Appendix, § 925 (e) :. "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge.* In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or*

*violations.* Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered." This section prior to the amendment of 1944 gave no right of action to the Administrator in the event the buyer failed to sue within thirty days of the occurrence of the violation, but contained this language: ". . If any person selling a commodity violates a regulation, order, or price, schedule prescribing a maximum price or maximum prices, and the buyer . . is not entitled for any reason to bring the action under this subsection, the Administrator may institute action under this subsection on behalf of the United States." It is the contention of the defendant that by the amendment of the act in 1944 the purchaser's right of action against a seller violating a maximum price schedule was limited to thirty days from the occurrence of the violation. We do not, and can not in the face of the language of the section of the act, as amended, construe the act, as amended, as having this effect. At the outset, the section says that for a violation of a maximum price schedule "the person who buys such commodity for use or consumption other than in the course of trade or business may, within *one year* from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge." Clearly at this stage the purchaser's right of action is limited to one year. However, the section says, "except as hereinafter provided." What are these exceptions? First, if "the buyer . . fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation . . the Administrator may institute such action on behalf of the United States." Second, "or [if the purchaser] is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States. Obviously, we are not concerned here with the latter exception for if the purchaser is not entitled to bring the action the question of a limitation on the right of the purchaser to bring the action can not logically arise. In considering the former exception, we ob-

serve that if the purchaser fails to bring his action within thirty days from the occurrence of the violation and the Administrator then institutes an action under this section, "the buyer shall thereafter be barred from bringing an action for the same violation or violations." The section does not say the purchaser shall be barred by a failure to bring the action within 30 days. The plain, unambiguous language of the section says that the right of action in the purchaser shall exist for one year from the date of the occurrence of the violation, but if he fail to bring his action within thirty days from the date of the occurrence of the violation, the Administrator may institute such action on behalf of the United States, and it is only when the Administrator has instituted the action that a bar will arise against the purchaser prior to the termination of the one-year period from the date of the violation, the termination of the one-year period being a bar to both the purchaser and the Administrator. So far as we have been able to ascertain, there has been no decision from any court upon this point, though the case of Kersting v. Hardgrove (N. J.) 48 Atl. 2d, 309, seems, as a physical precedent, to support our construction of the section under consideration. Clearly, we think, it was the intent of the Congress and the spirit of the statute that the public, the purchasers, should be given a share in and an incentive for enforcing the statute, and this was for the purpose of assisting the Administrator in a task that would have been otherwise extremely difficult. The amendment of 1944 did not, we think, intend to withdraw from the Administrator, this assistance, but rather instructed the public that unless it performed its share of the task with diligence, the Administrator might institute the action and thus take from the individual purchaser his remedy for having had to purchase at inflated prices. This view finds support in the report of the Committee on Banking and Currency, 78th Congress, Second Session, House of Representatives, Report No. 1593, June 3, 1944, where in reporting on this section the committee says: "The bill further amends this section so as to authorize the Administrator to bring a suit for damages on behalf of the United States in those situations where the present statute authorizes suits only by the consumer, if the consumer does not bring an action within 30 days after the violation. *If the Administrator institutes such an action, suit by the consumer will then*

*be barred."* The purchaser is given one year from the date of the occurrence of the violation of the maximum price schedule within which to bring an action against the seller in the event the Administrator does not institute an action after the expiration of thirty days from the date of the occurrence of the violation. During the thirty days from the date of the violation, the purchaser is exclusively given the right to bring the action.

Although based upon an incorrect reason, as a general rule, when the judgment complained of is correct, it will be affirmed on appeal. *Summerlin* v. *Hesterley,* 20 *Ga.* 689 (65 Am. D. 639) ; *Crittenden* v. *Southern Home B. & L. Assn.,* 111 *Ga.* 266 (36 S. E. 643), and cit.; *Flynn* v. *East Point,* 18 *Ga. App.* 729 (90 S. E. 372) ; *Kendricks* v. *Millen,* 16 *Ga. App.* 273 (85 S. E. 264) ; *Memmler* v. *State,* 75 *Ga.* 576.

The court did not err in granting the motion in the nature of a general demurrer. Purchasers of automobiles bringing an action for a violation of the Emergency Price Control Act, seeking treble damages for violation of the ceiling price, must negative the statutory exceptions by alleging and proving that they purchased the automobile for use and consumption other than in the course of trade or business. *Crowley* v. *Hughes,* 74 *Ga. App.* 531 (40 S. E. 2d, 570), and cases cited. And by failure to negative the exception the plaintiff does not set forth a cause of action and renders the petition subject to general demurrer.

It is unnecessary for the plaintiff to allege that suit has not been instituted or a recovery has not been had by the Administrator for the same violation. This is a matter of defense and peculiarly within the knowledge of the defendant.

While it is true as a general rule that questions which are not raised in the trial court will not be considered by an appellate court, the motion to dismiss which was in the nature of a general demurrer necessarily raised the question of whether a cause of action was set forth, and in view of what has been ruled in the preceding division of this opinion, the plaintiff's contention, that the defendant could not raise for the first time in this court the question whether the automobile had been purchased for use and consumption other than in the course of trade or business, is without merit.

Under the peculiar circumstances of this case, direction

836

is given that the plaintiff be allowed to amend the petition before the judgment of this court is made the judgment of the court below, and upon compliance with this direction by the plaintiff the case stand for trial upon the petition as amended; but upon his failure to do this, the judgment is unconditionally affirmed.

*Judgment affirmed, with direction. Sutton, P. J., and Parker, J., concur.*