ALTON P. GRINDLE *vs.* HERMAN S. BROWN.

Plymouth.    March 4, 1947. — April 2, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Price Control. Pleading, Civil,* Demurrer.

A demurrer, which stated as its sole ground that "no cause of action is set forth . . . of which this court can take cognizance and jurisdiction" in the declaration in an action under § 205 (e) of the Federal emergency price control act of 1942 based on a sale by the defendant to the plaintiff of an electric refrigerator at a price in excess of the prescribed maximum price, did not raise the question of failure of the declaration to allege that the plaintiff bought the refrigerator "for use or consumption other than in the course of trade or business."

Possible grounds of objection to a declaration not stated in a demurrer thereto are not opened for consideration on appeal from an order overruling the demurrer.

A conclusion that a refrigerator was bought "for use . . . other than in the course of trade or business" within § 205 (e) of the Federal emergency price control act of 1942 would not be warranted by the mere facts that it was sold by one not a dealer and had been part of his household furnishings; that it was bought by the purchaser's wife acting for him; that the purchaser was obliged to spend a certain sum for repair of it before he could make use of it; and that "the transaction . . . was of a character concerned in and by said law."

CONTRACT OR TORT. Writ in the Second District Court of Plymouth dated August 31, 1943.

The action was heard by *Shea,* J.

*H. Brown,* for the defendant.

*G. L. Wainwright,* for the plaintiff, submitted a brief.

WILKINS, J. This is an action of contract or tort, to recover treble damages and counsel fees, arising out of the sale by the defendant to the plaintiff of an electric refrigerator at a price in excess of the maximum price prescribed by the Office of Price Administration. Emergency price control act of 1942, c. 26, Title II, § 205 (e) (Act of January 30, 1942, 56 U. S. Sts. at Large, 23, 34).[1] There was a finding for the plaintiff. The Appellate Division dismissed a report, and the defendant appealed.

1. The defendant appeared specially and demurred to the declaration on the ground "that no cause of action is set forth therein of which this court can take cognizance and jurisdiction." The demurrer was overruled. If the demurrer was directed solely to the jurisdiction of the court, this ruling was right. *Schaffer* v. *Leimberg*, 318 Mass. 396. *Administrator of the Office of Price Administration* v. *Chook*, 320 Mass. 187, 190, and cases cited. The defendant, however, urges that the demurrer also raised the question of the failure of the declaration to allege that the plaintiff bought the refrigerator "for use or consumption other than in the course of trade or business."[2] This was a necessary part of the plaintiff's cause of action. *Foley* v. *Day Brothers, Inc.* 320 Mass. 344. We are of opinion, however, that properly interpreted the demurrer did not challenge the sufficiency of the allegations of the cause of action as such. Accordingly, it did not open for consideration possible grounds of objection to the declaration which the defendant might have urged but did not. *Kenyon* v. *Chicopee*, 320 Mass. 528, 530–531, and cases cited. There was no error in overruling the demurrer.

---

[1] Subsequent amendments not applicable to the present case are made in the stabilization extension act of 1944, Act of June 30, 1944, c. 325, Title I, § 108 (b), 58 U. S. Sts. at Large, 632, 640, as amended by Act of July 25, 1946, c. 671, §§ 12, 13, 60 U. S. Sts. at Large, 676, 677. See *Fleetham* v. *Winter Hill Liquor Store, Inc.* 319 Mass. 29.

[2] The emergency price control act of 1942, Title II, § 205 (e), provided: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court."

2. One of the plaintiff's requests for rulings given by the judge was: "2. The evidence warrants a finding for the plaintiff in the sum of $564, plus reasonable counsel fees."

The report states that there was evidence tending to show that on May 26, 1943, the plaintiff's wife, acting as his agent, bought the refrigerator from the defendant for $200; that the ceiling price was $12; and that, before the plaintiff could make use of the refrigerator, he was obliged to spend $60 to repair it. The only other evidence arguably relating to its proposed use was in the testimony of the plaintiff's wife, who when asked, "Who did you buy it for?" answered, "I was acting for my husband."

The judge found for the plaintiff in the sum of $564 and in addition in the sum of $100 as a reasonable counsel fee. He also found that the defendant sold the refrigerator to the plaintiff acting through his wife; that the price "was in excess of the price allowed to be charged under the provisions of the Federal emergency price control act of 1942, and regulations . . . and incurred the penalties therein provided"; that the refrigerator ."was of a kind covered by said law and regulations, and the transaction . . . was of a character concerned in and by said law and regulations"; that the defendant acted in good faith without knowledge of the law or regulations; that the defendant was not a dealer and had never sold a refrigerator before; and that the refrigerator was part of his household furnishings, which he was obliged to sell because his house had been sold. The findings as to good faith are of no consequence under the Federal act as it stood on the date of the transaction in question. [1]

As noted above in discussion of the ruling on the defendant's demurrer, an essential part of the plaintiff's case was that the purchase was "for use or consumption other

---

[1] But see the stabilization extension act of 1944, Act of June 30, 1944, c. 325, Title I, § 108 (b), 58 U. S. Sts. at Large, 632, 640, amending the emergency price control act of 1942, Title II, § 205 (e), and providing that the seller's liability "shall be the amount of the overcharges or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation."

than in the course of trade or business." It is obvious that there was no evidence warranting such a finding, even assuming that the judge so found by implication. Such a conclusion was not warranted by the fact that the refrigerator had been in the defendant's house, or that it was a commodity commonly used in private households, or that it was purchased by the plaintiff's wife on his behalf, or that he was obliged to spend money for repairs before he could make use of it. This was all equally consistent with a purchase for use in trade or business. The plaintiff is not aided by the finding that the refrigerator and its sale were of a kind covered by the law and the regulations. There would have been a violation for which the price administrator could have sued even if the purchase had been for use "in the course of trade or business." [1] *Foley* v. *Day Brothers, Inc.* 320 Mass. 344. The granting of the quoted request was error. *Bresnick* v. *Heath,* 292 Mass. 293, 298. *Nicholas Zeo, Inc.* v. *Railway Express Agency, Inc.* 317 Mass. 374, 379. *Lawrence* v. *O'Neill,* 317 Mass. 393, 394.

3. We find it unnecessary to consider other questions raised by the record. One of those questions is whether the judge could take judicial notice of the regulations. See *Glover* v. *Mitchell,* 319 Mass. 1, 4.

> *Order dismissing report reversed.*
> *New trial ordered.*

---

[1] The emergency price control act of 1942, Title II, § 205 (e), provided: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States."