No. 36,936

BUDDY B. ALLEN, *Appellee,* v. MAX WALTON doing business as MAX WALTON MOTORS, *Appellant.*

(185 P. 2d 154)

CLAIR E. ROBB, judge.

Opinion filed October 4, 1947.

*Payne H. Ratner, Donald C. Allen, Frederick A. Mann, Richard B. Clausing* and *L. M. Mattox,* all of Wichita, were on the briefs for the appellant.

*William Keith,* of Wichita, was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for three times the amount of an overcharge alleged to have been made by defendant in the sale of an automobile to plaintiff. The jury brought in a verdict for the amount of the overcharge. The court fixed the amount of an attorney's fee for plaintiff, for which items judgment was rendered. Defendant has appealed.

Briefly stated, plaintiff in his petition alleged that he is a resident of Sedgwick county; that defendant was engaged in the business of buying and selling used automobiles in Wichita; that the action was brought pursuant to the terms and provisions of United States Emergency Price Control Act of 1942, Public Law No. 421, 77th Congress, 2d Session, 56 Statutes 23 (50 U. S. C. A. 901-946), Sec. 205 e or 50 U. S. C. A., 925 e; and the terms and provisions of Emergency Price Control Act of 1944 as amended by Public Law No. 383, 78th Congress, 2d Session, or 50 U. S. C. A. Appendix 925 e; that pursuant to the provisions of the statute the price administrator made and published a price schedule of used automobiles in the area of Wichita, under which the maximum sale price of a described automobile

at Wichita on February 25, 1946, was $1,227 plus $24.45 tax; that on February 25, 1946, defendants sold and delivered to plaintiff the described automobile, for which defendant charged and received from plaintiff $1,830.54, which price so charged and collected by defendant from plaintiff was $579 in excess of the scheduled maximum sale price for the automobile; that by reason thereof defendant became liable and indebted to plaintiff in the sum of $1,737, for which sum, plus an attorney's fee, plaintiff prayed judgment.

The answer contained a general denial except it admitted that defendant operates a used-car lot in Wichita and about February 25, 1946, did sell the described automobile to plaintiff, and alleged that if the car was sold in excess of the ceiling price it was well known to plaintiff and that defendant did not willfully violate any ceiling prices or fail to take due precaution to prevent violation of the same.

Without further pleadings the case was called for trial, at which time defendant moved to dismiss the action upon the opening statement for plaintiff, which consisted of the reading of the petition, for the reason that the opening statement and the petition failed to state facts sufficient to constitute a cause of action. The court heard arguments upon the motion and withheld its ruling.

Evidence on behalf of plaintiff was introduced, which, without detailing it, may be said to have fairly supported the allegations of plaintiff's petition. Defendant demurred to the evidence "for the reason that the same has not proven facts sufficient to constitute a cause of action. More particularly I direct the court's attention to the fact that they have failed to prove that the car was purchased for use or consumption other than in the course of trade or business." Counsel for plaintiff contended that was a matter of defense. The court overruled the demurrer. Defendant then moved for a directed verdict in his favor "for the reason that plaintiff has failed to allege and to prove that the car in question was purchased for use or consumption other than in the course of trade or business by said plaintiff." This was overruled. Among other instructions given was the following:

"You are further instructed that plaintiff in order to recover must prove, that he purchased the automobile from defendant 'for use or consumption other than in the course of trade or business'."

The jury returned a verdict for plaintiff for $579 and the court awarded plaintiff an attorney's fee of $250. Defendant moved for

judgment notwithstanding the verdict "for the reason that the evidence and pleadings show that the defendant is entitled to judgment." This was overruled and defendant moved for a new trial upon the grounds (1) erroneous rulings of the court; (2) the verdict is contrary to the evidence. This was overruled.

Defendant, as appellant here, contends that neither plaintiff's petition nor the evidence in his behalf discloses a cause of action in his favor under the Federal statute, the pertinent portion of which reads:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. . . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period." (50 U. S. C. A., Appendix, Sec. 925 e.)

This statute has been construed as authorizing the purchaser of a commodity to sue only in the circumstances in which he buys the commodity "for use or consumption other than in the course of trade or business," and in circumstances where that situation does not exist the administrator of the act alone has authority to sue, and the suit is on behalf of the United States.

In *Bowles v. West*, 63 F. Supp. 745, it was held:

"The Price Administrator alone has the right to sue on account of an overcharge where the purchase was for use or consumption in the course of trade or business." (Syl. ¶ 4.)

In *Lightbody v. Russell*, 293 N. Y. 492, 58 N. E. 2d 508, the syllabus reads:

"WAR—*price control*—(1) great weight must be given to Price Administrator's construction of Emergency Price Control Act as excepting industrial and commercial consumers from class who have cause of action against one selling for excessive price—(2) Congressional Committee reports corroborative and relevant—(3) plaintiffs' allegation that they are ultimate consumers does not negative their being industrial or commercial consumers—(4) words 'other than in the course of trade or business' in statute constitute exception which must be negatived in pleading—(5) words 'in the course of trade or business' may not be transposed so as to refer to 'buying' rather than to 'use.'

"1. Subdivision (e) of section 205 of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 925, subd. [e] provides that if a seller violates a regulation prescribing maximum prices 'the person who buys such commodity for use or consumption other than in the course of trade or business' has a cause of action. The Price Administrator, charged with the duty of administration of the Act, has officially interpreted the phrase 'in the course of trade or business' as applying to purchases by industrial and commercial consumers as well as to purchases for a resale. His interpretation is entitled to great weight.

"2. The House and Senate Committee Reports indicate that said construction conforms to the intent of Congress. Such reports are relevant and open for use in the aid of construction and a determination of Congressional intent.

"3. Plaintiffs allege that they are in the business of the moving and storage of personal property and that defendant sold them a tractor 'for use by these plaintiffs as the ultimate consumer.' This allegation does not negative the possibility that the tractor was purchased for use or consumption in business and that, therefore, plaintiffs are not entitled to maintain the action.

"4. The statute contains the exception 'other than in the course of trade or business' as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception.

"5. The complaint may not be sustained by transposing the words 'in the course of trade or business' as used in the statute so that they would qualify the word 'buys' rather than the words 'use or consumption.' "

And in the opinion it was said:

"The statute gives plaintiffs a cause of action in the circumstances set forth in the complaint only where the commodity is sold at a price in excess of the prescribed ceiling or maximum price and purchased by them 'for use or consumption other than in the course of trade or business.' They cannot bring the suit or successfully maintain a cause of action unless they allege and prove that they purchased the tractor for use or consumption other than in the course of their trade or business. That allegation and proof of the fact is a statutory condition to the cause of action. The statute contains the exception as the foundation of a cause of action and plaintiffs fail to state a case since they do not negative the exception." (p. 495.)

In *Young v. Wierenga*, 314 Mich. 287, 23 N. W. 2d 92, it was held:

"One who seeks treble damages for overcharge under the emergency price control act must allege and prove that the goods purchased were for use or consumption other than in the course of trade or business (50 USCA, App. § 925 [e].

"Where cause of action is based solely upon a fact that is stated as a statutory exception, a declaration which fails to negative the exception would not state a case.

"A buyer who buys a commodity above ceiling price as established under the emergency price control act 'for use or consumption other than in the

course of trade or business' must negative the exception in his declaration in order to recover the overcharge as a buyer who buys 'in the course of trade or business' is *in pari delicto* (50 USCA, App. § 925 [e])."

This ruling is restated and applied in the following cases: *Bowles v. Rogers*, 149 F. 2d 1010; *Bowles v. Trullinger*, 152 F. 2d 191; *Bowles v. Whayne*, 152 F. 2d 375; *Bowles v. Madl*, 153 F. 2d 21; *Bowles v. Barker*, 155 F. 2d 1022; *Foley v. Day Brothers*, (Mass.), 69 N. E. 451; *Grindle v. Brown* (Mass.), 72 N. E. 2d 431; *Crowley v. Hughes*, 74 Ga. App. 531, 40 S. E. 2d 570; *Tyson v. Ross*, (Ga. App.), 43 S. E. 2d 125; *Lee v. Kimbro* (Tex. Civ. App.), 202 S. W. 2d 263.

Counsel have cited no case and our own research discloses none to the contrary.

Counsel for appellee argues some other questions based upon general rules of pleading or equity. We think none of these is in point. This action is one controlled by the federal statute. The provision of the Emergency Price Control Act authorizing suits for damages establishes the sole means whereby individuals may assert their private right to damages and whereby the administrator on behalf of the United States may seek damages in the nature of penalty. (*Porter v. Warner Co.*, 328 U. S. 395, 66 S. Ct. Rep. 1086, 90 L. Ed. 1332.)

The petition in this case contains no statement to the effect that the plaintiff bought the automobile in question "for use or consumption other than in the course of trade or business," and there is nothing in the evidence tending to show the purpose for which the automobile was purchased. The result is that the petition did not state a cause of action; the demurrer to the evidence should have been sustained and defendant's subsequent motions shown by the abstract were well taken.

The judgment of the court below is reversed with directions to enter judgment for defendants.