Hibbard-, P. J.
This is an action of contract or tort in which the plaintiff seeks to recover damages from the defendant, a dealer in used motor vehicles, on the ground that the latter overcharged the former the sum of three hundred fifty dollars for the purchase of a used 1941 Chevrolet sedan. Treble damages are claimed in accordance with the Emergency Price Control Act of 1946 as amended (Sec. 205E).
The answer is a general denial and a special plea that “If the plaintiff shall offer evidence at the trial to prove the allegations contained in his declaration, then the defendant answers that the plaintiff by his acts and conduct is estopped to assert that the defendant now owes the plaintiff anything.”
*225 At the trial there was evidence tending to show that the plaintiff visited the place of business of the defendant and purchased from him a motor vehicle for the sum of fourteen hundred ($1400.) dollars, which sum was three hundred and fifty ($350.) dollars in excess of the price regulation applicable thereto and then in effect; that the plaintiff at the time of the purchase was engaged in the taxicab business with a partner and was also working in a factory; that the plaintiff’s partner owned a taxicab which was used by the partnership; that the plaintiff prior to the purchase asked for a motor vehicle that would be good for use as a taxicaJb and that the car in question was covered by an insurance policy in which it was described as a pleasure car. The Emergency Price Control Act of 1942 was introduced in evidence and made a part of the record and the regulations issued thereunder were also offered in evidence. The plaintiff did not testify that he bought the motor vehicle for use or consumption other than in the course of trade or business.
The plaintiff seasonably filed two requests for rulings:
1. On all the evidence the plaintiff is entitled to recover.
2. The defendant is liable for treble damages under the regulation regardless of the plaintiff’s knowledge or lack of knowledge concerning the Office of Price Administration ceiling price for the said automobile.
The Trial Court denied these requests and filed a written decision of the following tenor:
“The Court finds that the plaintiff failed to sustain the burden that was on him to prove that he bought) the automobile from the defendant for use or consumption other than in the course of trade or business. ’ ’ (See Foley v. Day, 320 Mass. 344 and Ceder v. McCarthy, 320 Mass. 618.)
The Court, on the basis of the foregoing finding by the Court, denies the plaintiff’s two requests for rulings.
*226 In view of the ruling for the defendant, the court treats the defendant’s requests for rulings as waived.”
The refusal of the two requested rulings was correct. The first did not comply with the provisions of Rule 27 of the Rules of the District Court of the Commonwealth of Massachusetts for Civil Actions. The second was an incorrect statement of the law. It ignored the discretionary rights of the Trial Court in the assessment of damages. The case is governed by Foley v. Day Bros., Inc., 320 Mass. 344; Ceder v. McCarthy, 320 Mass. 618; and Gundel v. Brown, 1947 Adv. Sheets, 441.
We find no prejudicial error and the report must be dismissed.
This Opinion was written by Hon. Charles L. Hibbard, the Presiding Justice, and concurred in by the other Justices who heard the ease before Judge Hibbard’s death on November 15, 1947, although it was not filed until after his death.