[No. 30546. Department Two. June 10, 1948.]

TED BAYNE, *Appellant*, v. WARREN KINGERY *et al.*,
*Respondents.*[1]

*Warner Poyhonen* and *Lester Stritmatter*, for appellant.
*B. Franklin Heuston* and *Chas. R. Lewis*, for respondents.

MALLERY, C. J.—The plaintiff was engaged in the business of logging, and the defendants were farmers who had from time to time carried on logging operations. None of the parties were engaged in the business of buying, selling, trading, or dealing in machinery and equipment. The defendants owned a 1945 model Cletrac tractor suitable for logging operations. The plaintiff sought it out and purchased it for the sum of $5,250, which the defendants represented as being within the "ceiling" price as prescribed by the emergency price control act of 1942, and the rules and regulations of the OPA promulgated under and by virtue of the act. The plaintiff bought the tractor for use in his own logging operations. The price he paid was in fact $1,824.08 over the "ceiling" price. He brought this action to recover the overcharge and such penalties as are provided for by the act.

[1]Reported in 195 P. (2d) 98.

The trial court granted the defendants' motion for a non-suit. The plaintiff appeals and assigns this ruling as the error relied upon.

The pertinent section of the emergency price control act of 1942 is title I, § 4 (a) (56 Stat. 28, § 4 (a)), which reads as follows:

"It shall be unlawful, regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, for *any* person to sell or deliver any commodity, *or in the course of trade or business to buy or receive any commodity*, or to demand or receive any rent for any defense-area housing accommodation, or otherwise to do or omit to do any act, in violation of any regulation or order under Sec. 2, or of any price schedule effective in accordance with the provisions of Sec. 206, or of any regulation, order, or requirement under section 202 (b) or section 205 (f), or to offer, solicit, attempt, or agree to do any of the foregoing." (Italics ours.)

From this it will be seen that the prohibition of the act applies to any person who sells or delivers any commodity in violation of the regulations. There are no exceptions as to sellers, but as to buyers, the prohibition is against any buyer: ". . . in the course of trade or business to buy or receive any commodity . . . ," in violation of the act.

The questions presented in this case are: Is the appellant in *pari delicto* with the respondents and can he maintain his action?

The pertinent section of emergency price control act of 1942, as amended (50 U. S. C. A. (App.) 252, § 925 (e)), is § 205 (e), which reads as follows:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption other than in the course of trade or business* may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. . . ." (Italics ours.)

The appellant contends that, under the facts of this case, he bought the tractor for use or consumption, which under

the statute would permit him to maintain his action. The trial court held that he had purchased the tractor in the course of trade or business and being unable to maintain his action, dismissed it.

While these questions have not been passed upon in this state before, there is ample authority elsewhere contrary to appellant's contention and none in support of it. See the following cases: *Allen v. Walton*, 163 Kan. 642, 185 P. (2d) 154; *Bowles v. Barker*, 155 F. (2d) 1022; *Bowles v. Madl*, 153 F. (2d) 21; *Bowles v. Rogers*, 149 F. (2d) 1010 (overruling 57 Fed. Supp. 987); *Bowles v. Seminole Rock & Sand Co.*, 145 F. (2d) 482; *Bowles v. Trullinger*, 152 F. (2d) 191; *Bowles v. West*, 63 Fed. Supp. 745; *Bowles v. Whayne*, 152 F. (2d) 375; *Crowley v. Hughes*, 74 Ga. App. 531, 40 S. E. (2d) 570; *Dunakin v. Southwestern Consumers Co-op. Ass'n*, 49 N. M. 69, 157 P. (2d) 243; *Foley v. Day Brothers*, 320 Mass. 344, 69 N. E. (2d) 451; *Heesy v. Vaughn*, 183 P. (2d) (Cal.) 942; *Lightbody v. Russell*, 293 N. Y. 492, 58 N. E. (2d) 508; *Mechanical Farm Equipment Distributors v. Porter*, 156 F. (2d) 296; *Miller v. Myers*, 158 Wash. 643, 291 Pac. 1115; *Sommer v. E. B. Kelly Co.*, 182 Misc. 157, 47 N. Y. S. (2d) 57; *Speten v. Bowles*, 146 F. (2d) 602.

These cases are ample authority for the rule that a buyer, such as the appellant here, is a buyer in the course of trade or business and, as such, under the terms of the act, cannot maintain an action on his own behalf for a violation by another of the act or for the penalties provided for therein. However persuasive appellant's argument may be as to what the law should have been, the interpretation placed upon it by the cases cited makes it clear that the law, as it is, has been interpreted against the appellant's contention. Accordingly, the judgment is affirmed.

BEALS, STEINERT, ROBINSON, and JEFFERS, JJ., concur.