33947, 33958.   GADDY *v.* SILVERMAN *et al.*; and *vice versa.*

DECIDED APRIL 19, 1952—REHEARING DENIED JUNE 4, 1952.

· *Curry & Curry,* for plaintiff in error.

*Cumming, Nixon & Eve, Arnall, Golden & Gregory,* contra.

SUTTON, C. J.   The petition seeks recovery of money paid to or deposited with the defendants, which the defendants agreed to use to buy bulk whisky to be bottled and made available for sale to the plaintiff.   The plaintiff paid only the maximum price allowed for the bottled whisky by the Office of Price Administration when some of the whisky was delivered to him; but it is contended that the money paid for the purchase of the bulk whisky amounted to an overcharge of $4 or $5 per case, since

these payments, although made during the period between June 30, 1946, and July 25, 1946, when the Emergency Price Control Act of 1942, as amended, was not in effect, were a part of the same transaction as the subsequent purchase at ceiling prices of the bottled and cased whisky, deliveries of which were made after the enactment of the Price Control Extension Act of 1946.

The statute under which recovery is sought is § 205 (e) of the Emergency Price Control Act of 1942, as amended, then 50 U. S. C. A., Appendix, § 925 (e), 58 Stat. 640, which provides in part: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity *for use or consumption other than in the course of trade or business* may, within a year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. . . If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or *is not entitled for any reason to bring the action,* the Administrator may institute such action on behalf of the United States within such one year period." (Emphasis added.) The plaintiff did not allege that he purchased the whisky for use or consumption other than in the course of his trade or business, and therefore failed to state a cause of action under the terms of the statute.

Under the above-quoted provision of the statute, the plaintiff must allege and prove that he purchased the commodity "for use or consumption other than in the course of trade or business." The statute contained an exception as the basis of a cause of action; and as the plaintiff failed to negative such exception, he did not state a cause of action under the statute. *Crowley* v. *Hughes,* 74 *Ga. App.* 531 (40 S. E. 2d, 570); *Moody* v. *Foster,* 74 *Ga. App.* 829 (2c) (41 S. E. 2d, 560). See also Lightbody *v.* Russell, 293 N. Y. 492 (58 N. E. 2d, 508); Armour & Co. *v.* Blindman, 73 Fed. Sup. 609; Robinson *v.* White System Inc., 70 Fed. Sup. 147; Allen *v.* Walton, 163 Kan. 642 (185 Pac. 2d, 154); Foley *v.* Day Bros. Inc., 320 Mass. 344 (69 N. E. 2d, 451);

Bayne *v.* Kingery, 30 Wash. 2d, 922 (195 Pac. 2d, 98); Bowles *v.* Rogers, 149 Fed. 2d, 1010; Speten *v.* Bowles, 146 Fed. 2d, 602; Bowles *v.* Seminole Rock &c. Co., 145 Fed. 2d, 482.

It is contended that the petition sets out a cause of action for the recovery of money paid on an illegal contract without fraud, where the contract has not been fully executed; and it is alleged that the contract, to sell whisky for a consideration exceeding the O. P. A. ceiling price, also contravened the "State Revenue Law," as promulgated by authority of section 8 (h) of the Revenue Tax Act of 1938 (Ga. L. Ex. Sess. 1937-38, p. 108; Code, Ann. Supp., § 58-1022). The act of 1938 provides that the State Revenue Commissioner shall have the power to promulgate such rules and regulations as he may deem necessary to control the sale, etc., of distilled spirits and alcohol in accordance with the provisions of that act; and it appears that what is alleged to be the "State Revenue Law" is a regulation promulgated by the Revenue Commissioner. The violation of such an administrative rule of the Revenue Commissioner may result in suspension or cancellation of the license of the offending party or parties, but such rules do not make illegal an act or contract not also prohibited by statute. *Glustrom* v. *State*, 206 *Ga.* 734 (58 S. E. 2d, 534); *Columbus Wine Co.* v. *Sheffield*, 83 *Ga. App.* 593 (64 S. E. 2d, 356); *State of Ga.* v. *Schafer*, 82 *Ga. App.* 753 (62 S. E. 2d, 446). It is not shown that the transactions in question were made illegal by any law of this State.

The character of the alleged $4000 deposit as a loan under the first agreement of the parties was changed by the subsequent agreement, under which the defendants were given the right to use the money to purchase bulk whisky, and in return the plaintiff was given the right to buy an increased amount of whisky which the defendants were to make available for delivery to the plaintiff over an eighteen-month period. It does not appear that the plaintiff was bound to buy the whisky to be made available to him by the defendants, nor is it alleged that, under the agreements of July, 1946, the defendants were bound to refund any part of the amounts paid or deposited which might not have been used in the contemplated purchase of bulk whisky. Conceding, for the sake of the argument, that the alleged transaction between the parties was a valid one, the plaintiff obtained

no more than what amounted to an option to purchase 2500 cases of whisky over an eighteen-month period, and the price paid for such an option cannot be recovered so long as the defendants are not in default in making the sales and deliveries as called for by such an option contract.

The petition does not show that the right to recover amounts paid in excess of the maximum prices of whisky, as fixed by the Office of Price Administration, is in the plaintiff, according to the Federal statutes which make such excess payments unlawful; and as the alleged contract was not in contravention of any law of this State and, by its terms, did not bind the defendants to return the money deposited with them to buy bulk whisky, the petition failed to set out a cause of action. The court erred in overruling the defendants' exception of law to the auditor's overruling of the general demurrers to the petition. The further proceedings in the case were nugatory, and therefore no ruling need be made as to the sufficiency of the plaintiff's exceptions to the auditor's report, as complained of in the main bill of exceptions.

*Judgment reversed on the cross-bill of exceptions (number 33958); and the main bill (number 33947) is dismissed. Felton and Worrill, JJ., concur.*

### On Motion For Rehearing.

The plaintiff, in his motion for a rehearing, points out that the agreement between the parties was to do an act which was, after the agreement was made, declared by an act of Congress to be illegal, and that the performance of such a contract would have subjected the plaintiff to criminal prosecution. It appears that transactions occurring during the period from June 30, 1946, to July 25, 1946, were excepted from the operation of the price-control laws by the following proviso in section 18 of the Price Control Extension Act of July 25, 1946 (60 Stat. 678, then 50 U. S. C. A., Appendix, § 901-a): "Provided, further, that no act or transaction, or omission or failure to act, occurring subsequent to June 30, 1946, and prior to the date of enactment of this Act, shall be deemed to be a violation of the Emergency Price Control Act of 1942, as amended, or the Stabilization Act of 1942, as amended, or of any regulation, order, price schedule, or requirement under either of such Acts." If the transactions

in the present case may be considered to have been completed during this gap in the continuity of the price-control laws, or if the purchase of bulk whisky during such period were not connected with the subsequent purchase of bottled whisky by the plaintiff from the defendants, then the transaction was not illegal. See U. S. *v.* Henry Drew & Co., 177 Fed. 2d, 555.

But if, as contended by the plaintiff, the performance of the contract, in which the defendants were to make available increased allotments of bottled and cased whisky for purchase by the plaintiff after July 25, 1946, was made unlawful by the terms of the Price Control Extension Act of 1946—which provided that "all regulations, orders, price schedules and requirements under the Emergency Price Control Act of 1942, as amended," should be effective as of June 30, 1946—nevertheless, the petition shows that the plaintiff participated in such illegal performance of the contract by ordering and receiving from the defendants "a number of deliveries of whisky" after the Emergency Price Control Act had been extended. In short, the contract was partly executed by the parties thereto after the price-control laws were extended; and, according to the plaintiff's contentions, such part performance on his part subjected him as well as the defendants to possible criminal prosecution for violation of the price-control laws. The parties were in pari delicto.

"When a contract which is illegal, or opposed to public policy has been executed, in whole or *in part,* and the parties are in pari delicto, neither a court of law nor of equity will interpose to give relief to either party, but will leave the parties where they find them." *Adams* v. *Barrett,* 5 *Ga.* 404. "Where money has been paid or goods have been delivered under a bargain containing illegal provisions, the money or the value of the goods can be recovered so long as the illegal part of the bargain is *wholly unexecuted,* unless entering into the bargain involves serious moral turpitude on the part of the plaintiff." 2 American Law Institute, Restatement of the Law of Contracts, § 605. (Emphasis supplied in above quotations.) Also see 12 Am. Jur. 732, Contracts, § 216; 17 C. J. S. 662, Contracts, § 275. The plaintiff, alleging that he performed the contract in part, and now contending that such performance was in violation of

the laws prohibiting sales of goods at prices above the maximum prices fixed by law, cannot recover the amounts he has paid under the contract to the other parties thereto.

Furthermore, as it is contended that the transactions were prohibited by the provisions of the Federal statutes, and since the same Federal statutes denied a right of recovery to one who makes purchases at over-ceiling prices in the course of his trade or business but, instead, gave the right of recovery in such a case to the Price Administrator, then the Federal statutes in effect imposed the same rule in regard to parties who are in pari delicto as does the law of this State, although the Federal statutes made an exception to the rule in the case of persons who made such illegal purchases for use or consumption other than in the course of their trade or business.

Nor do we think that the plaintiff can reasonably and consistently claim that he has been placed in a position where he could not carry out his part of the contract without violating the law, and that for this reason he should recover his money, for after he has violated the law by partly consummating the illegal purpose of the contract, his petition for restitution of the money paid is as consistent with an attempt to avoid the terms of what turned out to be a hard or improvident bargain as it is with an offer to repent and comply with the law. For the plaintiff to be able to rescind the partly performed illegal contract whenever it might become disadvantageous to him, would promote rather than discourage the making of such contracts, and we think the rule that the court should leave the parties where it finds them in such a case, and should afford a locus poenitentiae only where the illegal purpose has not been achieved at all, is salutary and applicable to the facts of this case.

The case of *Hunt* v. *Burk*, 22 *Ga*. 129, cited and relied on by the plaintiff, does not authorize or require a different ruling from that which has been made in this case.

*Rehearing denied.*