34579. FLYNN et al. v. THE STATE.

DECIDED APRIL 22, 1953.

54

*Grady Vandiviere, Ben F. Smith, Luther C. Hames, Jr.,* for plaintiff in error.

*James T. Manning, Solicitor-General, Albert J. Henderson, Jr., Assistant Solicitor-General,* contra.

*Willingham, Cheney, Hicks & Edward,* for party at interest, not party to record.

TOWNSEND, J. ■ It is contended in special grounds 1, 2, 8, and 9 of the demurrer that the allegations of the indictment are not sufficient to charge any offense against the law, that they are vague and indefinite, and that the statute referred to therein is too vague and indefinite to be made the basis of a criminal prosecution. The Cobb Planning Commission Act (Ga. L. 1943, p. 902 et seq.) provides for the establishment of a Planning Commission in Cobb County to provide for zoning property outside the corporate limits within such county, ratifying and approving zoning ordinances in effect at the time of passage of the act, and altering, modifying, or changing the same. Section 7 is as follows: "Be it further enacted that any person, firm or corporation violating any of the provisions of this Act or any restrictions imposed by authority of this Act, shall be guilty of a misdemeanor." Code § 27-701 provides that every indictment shall be deemed technically sufficient which states the offense so plainly that the nature of the offense charged may be easily understood by the jury. As stated in *Ruff* v. *State,* 17 *Ga. App.* 337 (5) (86 S. E. 784): "An indictment in which the essential elements of the crime charged are set out with such particularity as will fully apprise the accused of the exact nature of the offense and the manner in which it was committed is sufficient to withstand a general demurrer." In *Kidd* v. *State,* 39 *Ga. App.* 30 (146 S. E. 34), it was held: "If, taking the facts alleged in the indictment as premises, the guilt of the accused follows as a legal conclusion, the indictment is good."

The indictment here alleges a violation of the act of 1943, in that the defendant maintained a place of business within a zone in which residences only are permitted under a regulation of the Cobb County Planning Commission. The statute specifically makes violations of restrictions imposed under the authority of the act unlawful, and the regulation quoted in the indictment specifically forbids the act allegedly committed by the defendant. The indictment, and the statute under which it is drawn, are therefore sufficiently definite to define the offense, and to put the defendant on notice of the exact offense with which he is charged. The defendant cannot admit the facts alleged in the indictment without admitting his guilt of the offense charged. The indictment is accordingly not subject to demurrer on these grounds.

■ The transfer of this case by the Supreme Court to the Court of Appeals adjudicates that no constitutional question involving the validity of the act of 1943, supra, has been raised. However, the 10th ground of demurrer, to the effect that the indictment merely "alleges a violation of a rule of the Cobb County Planning Commission, the same not being an act prohibited by the said Acts," is obviously patterned upon the successful attack on a regulation of the State Revenue Commissioner in *Glustrom* v. *State*, 206 *Ga.* 734 (58 S. E. 2d, 534), wherein it was held that, the legislative power being by express constitutional provision placed in the legislature, such law-making body cannot delegate to an administrative body the power to make penal laws concerning conduct not made illegal by the enabling act. For this reason, a statute declaring a violation of the rules and regulations of such department to be a misdemeanor must be interpreted to mean only that "a violation of the rules and regulations of the State Revenue Commissioner in accord, or in harmony, with those things declared to be a crime by the terms and provisions of the act, shall be a crime," since such department's power to enact rules and regulations administrative in character for the policing of a particular business authorized by law should not be confused with the power to enact a criminal statute. See also *Bohannon* v. *Duncan*, 185 *Ga.* 840 (196 S. E. 897); *State of Ga.* v. *Schafer*, 82 *Ga. App.* 753 (62 S. E. 2d, 446); *Columbus Wine Co.* v. *Sheffield*, 83 *Ga. App.*

593 (2) (64.S. E. 2d, 356); *Gaddy* v. *Silverman,* 86 *Ga. App.* 239, 243 (71 S. E. 2d, 277). An attempt by the legislature without express constitutional authority to delegate the power to make law is a violation of article III, section I, paragraph I of the Constitution of 1945 (Code, Ann., § 2-1301). *Bibb County* v. *Garrett,* 204 *Ga.* 817 (51 S. E. 2d, 658); *Long* v. *State,* 202 *Ga.* 235 (42 S. E. 2d, 729). On the other hand, where the State Constitution expressly gives to the legislature the power to delegate its law-making authority, regulations of administrative bodies in conformity with the statute enacted under such express constitutional sanction are valid. *Maner* v. *Dykes,* 55 *Ga. App.* 436 (190 S. E. 189); *Briggs* v. *State,* 80 *Ga. App.* 664 (56 S. E. 2d, 802).

We are not here required to pass upon the question of whether article III, section VII, paragraph XXIII of the Constitution (Code, Ann., § 2-1923), conferring upon the General Assembly of the State power to grant to governing authorities of counties and municipalities certain legislative authority in regard to zoning laws and land uses, empowers the legislature to make an infraction of any regulation by such agency a misdemeanor, the only question here being whether the violation of a rule of the Cobb County Planning Commission, which violation is admitted by the demurrer, is an act prohibited by the act of 1943 and declared in such act to be a misdemeanor. Section 7 of the act (Ga. L. 1943, p. 905) provides that "any person . . . violating . . . any restrictions imposed by authority of this act shall be guilty of a misdemeanor. The act gives to the Planning Commission authority to impose restrictions in land uses by means of zoning regulations." The regulation of the Cobb County Planning Commission under consideration provides that "all the area outside the corporate limits of the cities and towns in Cobb County is hereby zoned to permit residences only"; and the indictment specifically charges that the defendant violated this regulation by using property located in such area for business purposes. The indictment thereby alleges a violation of a regulation of the commission, which violation is prohibited by the act. This ground of demurrer is without merit.

It is further contended that the indictment is insufficient because of failing to allege that the defendant does not come

within the exception contained in section 3 of the Planning Commission regulation. Section 2, as set out in the indictment, specifies that the area in question shall be "zoned to permit residences only, except as provided in section 3 of this ordinance." Where a penal statute or regulation contains an exception or exemption, the rule in regard to the necessity of alleging that the defendant does not fall within such exception is a rule of construction; that is, if the first sentence of the penal law describes a complete offense applicable to all persons, and the second sentence merely designates a class to which the law shall not apply or simply limits the operation of the law as defined in the first sentence, then such latter portion is merely matter of defense, and it is incumbent upon the defendant to prove that he falls into such exception, rather than upon the State to prove that he does not. *Kitchens* v. *State*, 116 *Ga.* 847, 849 (43 S. E. 256); *Elkins* v. *State*, 13 *Ga.* 435, 439; *Herring* v. *State*, 114 *Ga.* 96, 101 (39 S. E. 866); *Hicks* v. *State*, 108 *Ga.* 749 (1) (32 S. E. 665); *Williams* v. *State*, 89 *Ga.* 483 (15 S. E. 552). This ground of demurrer is without merit.

■ Nor is the indictment insufficient, as contended by the 12th ground of demurrer, in failing to have affixed thereto certified copies of the minutes of the Cobb County Planning Commission containing the record of the promulgation of the regulation in question. This is a matter for proof upon the trial of the case, and it is not required that the evidence be pleaded in the indictment. The remaining grounds of demurrer, which attempt to raise constitutional questions, have been disposed of by the ruling of the Supreme Court above referred to in transferring this case to this court.

The indictment was not subject to the demurrers interposed, and the trial court did not err in overruling the same.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*