37012. STANDARD CLUB *v.* SAPHIRE.

DECIDED FEBRUARY 5, 1958.

*T. J. Long, Ben Weinberg, Jr.,* for plaintiff in error.
*Thomas E. Moran,* contra.

FELTON, Chief Judge. ■ The plaintiff in error contends that the ruling on the general demurrer to the original petition unexcepted to was the law of the case and was a "solemn adjudication" that the petition, even as amended, was good as against a general demurrer. This contention is without merit under the facts of this case. The original petition showed that the sale made by the defendant on behalf of the plaintiff involved "machines" but the amendment described such machines as "slot machines" and, therefore, the amendment materially changed the petition and the former ruling became extinct or nugatory (*Holliday* v. *Pope,* 205 *Ga.* 301, 308 (1), 53 S. E. 2d 350), and the petition as materially amended became subject to demurrer. *Mooney* v. *Mooney,* 200 *Ga.* 395 (1) (37 S. E. 2d 195).

■ The gist of an action for money had and received is equity and good conscience. *Brackett* v. *Fulton National Bank,* 80 *Ga. Ga. App.* 467 (56 S. E. 2d 486). The mere possession of "slot machines" is illegal and such machines are contraband. *Elder* v. *Camp,* 193 *Ga.* 320 (2) (18 S. E. 2d 622). Therefore, a contract for the sale of "slot machines" is unlawful and against public policy. Since the illegal provisions of the contract had been executed and the parties are in pari delicto, neither a court of law nor of equity will interpose to give relief to either party but will leave them as they are found. *Gaddy* v. *Silverman,* 86 *Ga. App.* 239, 245 (71 S. E. 2d 277). See also, *Hanley* v. *Savannah Bank & Trust Co.,* 208 *Ga.* 585 (65 S. E. 2d 26).

The court did not err in sustaining the motion to dismiss and in dismissing the action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*